**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MELVIN MONTGOMERY,** | : | |
| **Petitioner** | : | **Civil Action No. 06-2133 (CKK)** |
| | : | |
| **v.** | : | |
| | : | |
| **U.S. PAROLE COMMISSION, et. al.,** | : | |
| **Respondents** | : | |

**UNITED STATES PAROLE COMMISSION'S OPPOSITION TO**
**PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS**

The United States Parole Commission, by and through its attorney, the United States

Attorney for the District of Columbia, hereby respectfully files its opposition to the petitioner's

petition for a writ of habeas corpus. In support of his petition, the petitioner claims that the U.S.

Parole Commission is an unconstitutional entity and, as such, has no authority and jurisdiction to

issue a parole violator warrant and revoke his parole. In addition, the petitioner claims that he has

completed service of his sentences because the U.S. Parole Commission lacks the authority to

order the forfeiture of the time he spent on parole, known as street time, and that such forfeiture

violates the Ex Post Facto and Due Process clauses of the Constitution. Because the

constitutionality of the U.S. Parole Commission and its authority to supervise parolees and

revoke parole is well established, and because the District of Columbia Court of Appeals has

decided the issues concerning the forfeiture of street time squarely in favor of the position of the

U.S. Parole Commission, the petitioner's petition for a writ of habeas corpus should be

summarily denied.

**PROCEDURAL HISTORY**

On December 23, 1986, the petitioner, Melvin Montgomery was sentenced in Superior

Court Case No. F 802-86 to a term of 4 to 12 year imprisonment for possession with intent to distribute a controlled substance and, on January 12, 1987, in Superior Court Case No. M 12008-86, to a term of 90 days of imprisonment for possession of PCP. See Exhibit B (D.C. Department of Corrections Face Sheet). The petitioner was released on parole supervision from this initial aggregate D.C. Code sentence on November 5, 1990, with a full term sentence expiration date of October 6, 1998. See Exhibit C (Certificate of Parole). On December 2, 1992, the D.C. Board of Parole ("Board") revoked the petitioner's parole for non-criminal parole violations. See Exhibit D (Notice of Board Order).

The petitioner was re-paroled into the community on January 21, 1993. See Exhibit E (Certificate of Parole). The Board revoked the petitioner's parole again on August 27, 1993 and ordered the petitioner's re-parole through  work release on or after January 14, 1994. See Exhibit F (Notice of Board Order). On January 26, 1994, the Board released the petitioner on parole for the third time and the defendant was to remain under parole supervision until November 7, 1998. See Exhibit G (Certificate of Parole).

On November 4, 1994, the petitioner's parole officer informed the Board that the petitioner had been arrested for new drug-related criminal charges, had pled guilty to attempted possession with intent to distribute heroin in F 2680-94, and had failed to comply with the administrative conditions of parole, including failing to report as directed. See Exhibit H (Report of Alleged Violation(s)). In response to this information, the Board issued a parole violator warrant on November 30, 1994, for the petitioner's arrest. See Exhibit I (Warrant).

On January 19, 1995, the petitioner was sentenced in F 2680-94 to a term of 2 to 6 years imprisonment for attempt possession with intent to distribute heroin. See Exhibit J (Judgment

and Commitment Order). The petitioner was assigned to federal custody to serve this sentence, and he received an initial parole hearing with the U.S. Parole Commission ("Commission") on October 24, 1996. <u>See</u> Exhibit K (Commission Initial Hearing Summary). Following this hearing, the Commission denied the petitioner parole and continued him to a parole review hearing in April, 1997. <u>See</u> Exhibit L (Notice of Action). The Commission ultimately ordered the petitioner to be re-paroled to the outstanding D.C. Board parole violator warrant on June 28, 1997. <u>See</u> Exhibit M (Notice of Action). The petitioner was, in fact, released to the detainer on July 28, 1997 pursuant to the Commission's order. <u>See</u> Exhibit N (Certificate of Parole); Exhibit I at p. 2. At the time of this release, the petitioner's sentence expiration date (on the new 2-6 year sentence) was January 9, 2001. <u>See</u> Exhibit N.

After the Board's detainer was executed, the Board revoked the petitioner's parole, on November 7, 1997, and granted re-parole on May 5, 1998. <u>See</u> Exhibit O (Notice of Board Order) and Exhibit P (Certificate of Parole). While in the community, the petitioner again violated the conditions of his release, this time by continuing to use illegal drugs. <u>See</u> Exhibit Q (Probation Office Letter). On June 11, 1999, the Board issued a parole violator warrant for the petitioner's arrest. <u>See</u> Exhibit R (Board Warrant). After he was apprehended on the warrant, the Board revoked the petitioner's parole and granted him re-parole immediately. <u>See</u> Exhibit S (Notice of Board Order). However, the Board issued another parole violator warrant for the petitioner on March 15, 2000, and the Board revoked his parole again. <u>See</u> Exhibit T (Board Warrant) and Exhibit U (Notice of Board Order).

On July 11, 2001, the petitioner appeared before the Commission for a hearing for reassessment of the revocation charges and a re-parole decision. <u>See</u> Exhibit V (Commission

Rehearing Hearing Summary).[1] On August 21, 2001, the Commission continued the petitioner to a presumptive re-parole on July 13, 2003, after the service of 40 months in custody. See Exhibit W (Notice of Action). This resulted in an aggregate sentence for all three cases of 18 years and 90 days, with a full term sentence date of October 13, 2009. See Exhibit A at pp. 5-6 (Federal Bureau of Prisons Sentence Monitoring Computation Data). The petitioner was re-paroled on July 10, 2003, and was to remain under parole supervision until October 13, 2009, his re-calculated full term sentence date. See Exhibit X (Certificate of Parole).

On November 24, 2003, the Commission ordered that the petitioner participate in electronic  monitoring. See Exhibit Y (Notice of Action). However, the petitioner's parole officer contacted the Commission on September 15, 2006 requesting an expedited violation warrant. See Exhibit Z (Probation Office Letter). According to the petitioner's parole officer, the petitioner had pled guilty on May 6, 2005 to a criminal charge of conspiracy to distribute and possess with intent distribute heroin while under supervision. Id. The Commission agreed with the parole officer and, on September 16, 2006, issued a parole violator warrant. See Exhibit AA (Warrant and Warrant application). The warrant was executed on September 16, 2006.  See Exhibit AA at p. 5.

On December 4, 2006, the Honorable Gladys Kessler of this Court, in Crim. No. 05-147, sentenced the petitioner to a term of 60 months imprisonment, to be followed by 4 years of supervised release for conspiracy to distribute and possess with intent to distribute 100 grams or

---

[1]On August 5, 2000, the U.S. Parole Commission assumed responsibility for conducting revocation hearings for D.C. Code parole violators pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998); D.C. Code § 24-131.

more of heroin.  See Exhibit A at p. 1. On December 19, 2006, the petitioner appeared before a

Commission hearing examiner for a revocation hearing on his outstanding D.C. parole violator

term (i.e. the remainder of his aggregate D.C. Code sentence). See Exhibit BB (Hearing

Summary). Following this hearing, the Commission revoked the petitioner's parole, ordered that

none of the time he had spent on parole, "street time," be credited, and continued him to a

presumptive re- parole date of June 28, 2008, after the service of 21 months to be consecutive to

the 60 months imposed in Crim. No. 05-147. See Exhibit CC (Notice of Action). The

Commission's notice of action to the petitioner informed him that the Commission's decision

was appealable, but, to date,  the petitioner has not administratively appealed this decision.

## ARGUMENT

In his petition, the petitioner challenges the Commission's authority and jurisdiction to

issue parole violator warrants, revoke his parole, and forfeit the time he spent on parole, known

as "street time."[2] The petitioner argues that the Commission lacks authority to detain him

because it is not an Article III court with judicial power and the Commission's actions violate the

---

[2]Since the filing of the petitioner's habeas petition, the petitioner has been transferred to FCI Elkton in Lisbon, Ohio. At the time the petitioner filed his petition, however, he was an inmate at the D.C. Central Detention Facility, where his custodian was Warden William J. Smith. Warden Smith is within this Court's jurisdiction and because the Court had jurisdiction over the petitioner's custodian when the petitioner filed his petition, this Court retains jurisdiction despite the petitioner's subsequent transfer. See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) (if district court had jurisdiction over petitioner's custodian when petitioner filed petition, court maintains jurisdiction if petitioner thereafter is transferred to another jurisdiction); Stokes v. U.S. Parole Comm'n., 374 F.3d 1235, 1239 (D.C. Cir.) (same), cert. denied, 543 U.S. 975 (2004); Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (When a prisoner seeks to challenge parole-related decisions, the warden of the prison and not the U.S. Parole Commission is the prisoner's 'custodian'"). Nonetheless, the Court should strike the respondent named in the caption of the petitioner's writ, and substitute the Warden of FCI Elkton as the respondent to comply with the requirements of 28 U.S.C. § 2243 ("The writ or order to show cause shall be directed to the person having custody of the person detained").

separation of powers doctrine. The petitioner also argues that the Commission has been abolished, that the Commission has no jurisdiction over D.C. Code prisoners and parolees, and that the Commission has no authority to forfeit his time spent on parole, i.e., street time. Contrary to the petitioner's arguments, the constitutional authority of the U.S. Parole Commission is well established, the Commission has not been abolished, it is settled that the Commission has jurisdiction over D.C. prisoners and parolees and can forfeit a parolee's time spent on parole upon revocation of parole. Accordingly, the petitioner's claims are without merit, and should be summarily denied.

The Commission has no authority to impose a prison sentence on a D.C. Code offender upon conviction of a crime; this authority rests with the Superior Court of the District of Columbia. See D.C. Code § 11-923(b) (granting jurisdiction to Superior Court over any criminal case under District of Columbia law). Rather, the Commission has full authority to grant, deny, or revoke a D.C. offender's parole, pursuant to D.C. Code § 24-131(a). The Commission exercises its authority over D.C. Code parolees by virtue of the National Capital Revitalization and Self-Government Improvement Act of 1997, Title XI of Pub. L. 105-33, § 11231. See D.C. Code § 24-131 (a) (2001); Pate v. United States, 277 F. Supp.2d 1, 3 n. 2 (D.D.C. 2003); Allston v. Gaines, 158 F.Supp.2d 76, 78 (D.D.C .2001). This law expressly requires the Commission to apply D. C. parole laws. See D.C. Code § 24-131(c) ("The Parole Commission shall exercise the authority vested in it by this section pursuant to the parole laws and regulations of the District of Columbia...").

The constitutional authority of a parole agency to detain a parolee, and to return the parolee to prison upon an order revoking parole, is well established. See Morrissey v. Brewer,

408 U. S. 471, 478-80, 485-89 (1972); see also United States v. Addonizio, 442 U.S. 178, 188

(1979) ("The decision as to when a lawfully sentenced defendant shall actually be released has

been committed . . . to the discretion of the Parole Commission"). A parole agency's exercise of

its authority does not violate the separation of powers doctrine and does not unconstitutionally

infringe on a judicial function. See Morrison v. U.S. Parole Comm'n., 2006 WL 1102805, *2

(D.D.C. April 26, 2006); see also Simpson v. Ortiz, 995 F.2d 606, 610-11 (5th Cir.) (Parole

Commission did not violate doctrine of separation of powers by establishing parole eligibility

guidelines), cert. denied, 510 U.S. 983 (1993); Geraghty v. U. S. Parole Comm'n, 719 F.2d 1199,

1211-12 (3rd Cir. 1983) (Commission does not perform a "judicial function" when it grants and

denies parole), cert. denied, 465 U.S. 1103 (1984); Artez v. Mulcrone, 673 F.2d 1169, 1170 (10th

Cir. 1982) (federal parole statute is not an unconstitutional delegation of judicial power and does

not usurp the judicial function; "[i]n granting or denying parole, the Parole Commission does not

modify a trial court's sentence, but merely determines whether the individual will serve the

sentence inside or outside the prison walls"); Page v. U.S. Parole Comm'n., 651 F2d 1083, 1085

(5th Cir. 1981) ("Clearly, the power to grant or deny parole has been vested by Congress in the

Commission. This does not infringe upon the judiciary in any fashion."). Because revocation of

parole is not a new criminal prosecution in any sense, see Maddox v. Elzie, 238 F.3d 437, 443

(D.C. Cir.), cert. denied, 534 U.S. 836 (2001); cf. id. at 445 ("Morrissey, [supra,] makes clear

that parole revocation is not the continuation of a criminal trial but a separate administrative

proceeding at which the parolee does not possess the same rights as a criminal defendant at

trial.") (emphasis added), the Commission does not usurp Article III powers when it revokes a

-7-

released prisoner's parole.[3]

   As to the petitioner's argument that the Commission has been abolished, the Commission's abolition date (originally set for November 1, 1992), has been repeatedly postponed by Congress. At the present time, Congress has extended the Commission's existence until October 31, 2008. See United States Parole Commission Extension and Sentencing Commission Authority Act of 2005, §2, Pub.L.No. 109-76, 119 Stat. 2035 (Sept. 29, 2005).

   The petitioner also argues that, when his parole was previously revoked, the U.S. Parole Commission was barred from forfeiting the time he had spent on parole, i.e., his street time. The petitioner claims that the forfeiture of his street time has resulted in a full term date of his original sentences being impermissibly extended beyond the full time date he was given when he was originally released on parole. Therefore, the petitioner argues that he is being unlawfully

---

   [3]Although the petitioner relies upon Mistretta v. United States, 488 U.S. 361 (1989), Mistretta does not support his argument. In Mistretta, the Supreme Court upheld the constitutionality of the U.S. Sentencing Guidelines and the establishment of the Sentencing Commission against nondelegation and separation of powers challenges. In discerning no impediment under the separation-of-powers doctrine to placing the Sentencing Commission–which does not exercise judicial power, but rather has as its primary task the promulgation of sentencing guidelines–within the judicial branch, the Court observed that "the sentencing function long has been a peculiarly shared responsibility among the Branches of Government and has never been thought of as the exclusive constitutional province of any one Branch." Id. at 384-85, 390 (citations omitted). Finally, Mistretta precludes the petitioner's reliance on decisions like United States v. Estrada, 680 F.Supp. 1312 (D. Minn. 1988), rev'd, 873 F.2d 1449 (8th Cir. 1989).
   The petitioner's reliance on United States v. Johnson, 48 F.3d 806, 807-08 (4th Cir. 1995), is also misplaced. In that case, the district court delegated authority to a U.S. Probation Officer in the absence of Congressional authorization. The petitioner's case is distinguishable from Johnson because the D.C. Code expressly gives authorization to the Commission to revoke the parole of D.C. offenders, such as the petitioner. See D.C. Code § 24-131(a).
   Finally, United States v. Thorne, 153 F.3d 130 (4th Cir. 1998), cited by the petitioner, is likewise inapposite. In Thorne, the trial court committed reversible error by failing to inform the defendant of the potential term of supervised release and its significance at the time of his plea. The petitioner has presented no such evidence in this case.

detained beyond the expiration of his sentences.

What the petitioner is protesting, of course, is the decision of the District of Columbia Court of Appeals in U. S. Parole Comm'n v. Noble, 711 A. 2d 85 (D.C. 1998), adopting en banc U. S. Parole Comm'n v. Noble, 693 A. 2d 1084 (D.C. 1997). This decision upheld the applicability of D.C. Code § 24-406 (a) to D. C. Code parolees like the petitioner. D.C. Code § 24-406 (a) states, in part, that, when parole is revoked, none of the time the parolee spent under parole supervision shall be credited toward his sentence. See also Jones v. Bureau of Prisons, 2002 WL 31189792 (D.C. Cir. 2002) (appellant cannot receive credit for "street time" after his parole is revoked); Mills v. U.S. Parole Comm'n., 2006 WL 270262, *3 (D.D.C. February 2, 2006) (same); White v. U.S. Parole Comm'n., 2005 WL 3555494, *4 (D.D.C. December 23, 2005) (same); McKee v. U.S. Parole Comm'n., 2005 WL 3211426, *4 (D.D.C. November 28, 2005) (same), aff'd., 2006 WL 3697289 (D.C. Cir. December 8, 2006); Bey v. U.S. Parole Comm'n., 2005 WL 3275922, *3 (D.D.C. August 29, 2005) (same); Redrick v. Williamson, 2005 WL 1155041, *3 (M.D. Pa. May 4, 2005) (D.C. offenders cannot receive credit for "street time" after parole is revoked); McQueen v. U.S. Parole Comm'n., 2005 WL 913151, *2 (D.D.C. April 19, 2005) (same); Simmons v. U. S. Parole Comm'n., 2005 WL 758268, *2 (D.D.C. April 1, 2005) (same); McRae v. D.C. Parole Board, 2002 WL 32388337, *2 (E.D.Va May 13, 2002) (same) .

Additionally, the District of Columbia Court of Appeals has ruled squarely that the forfeiture of street time does "not violate the Ex Post Facto or Due Process Clauses" of the Constitution. See Davis v. Moore, 772 A.2d 204, 209 (D.C. 2001) (en banc); see also Jones, supra, 2002 WL 31189792 at *1 (No Ex Post Facto violation when sentence was recalculated to

exclude any credit previously given for street time); Sanders v. U.S. Parole Comm'n., 2006 WL

473786, * 4 (D.D.C. February 28, 2006) (same); White v. U.S. Parole Comm'n., supra, 2005 WL

3555494 at *4 (same); Bey v. U.S. Parole Commission, supra, 2005 WL 3275922 at *3 (same);

McKee v. U.S. Parole Commission, supra, 2005 WL 3211426 at *4 (same); Wade v. Figueroa,

2005 WL 607974, at *2 (D.D.C. March 15, 2005) (same); Redrick v. Williamson, supra, 2005

WL 1155041, at *4 (forfeiture of "street time" for D.C. offenders does not violate Ex Post Facto

or Due Process); McRae v. D.C. Parole Board, supra, 2002 WL 32388337, at *2-3 (same). Thus,

the Commission correctly forfeited all of the time the petitioner spent on parole supervision

("street time") upon revocation of his parole.

## **CONCLUSION**

_____Accordingly, for the foregoing reasons, the petitioner's petition for a writ of habeas

corpus should be summarily denied.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498-610

_____
        /s/ Robert D. Okun
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 457-078

_____
        /s/ Sherri L. Berthrong
SHERRI L. BERTHRONG
Assistant United States Attorney
Special Proceedings Division
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the U.S. Parole Commission's Opposition has been filed electronically with the Court and served by mail upon the petitioner, Melvin Montgomery, Fed. Reg. No. 04390-000, FCI Elkton, Federal Correctional Institution, P.O. Box 10, Lisbon, Ohio, 44432, this 15th day of February, 2007.

_____
        /s/ Sherri L. Berthrong
Sherri L. Berthrong
Assistant United States Attorney

-11-

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MELVIN MONTGOMERY,** | : | |
| **Petitioner** | : | **Civil Action No. 06-2133 (CKK)** |
| | : | |
| **v.** | : | |
| | : | |
| **U.S. PAROLE COMMISSION, et. al.,** | : | |
| **Respondents** | : | |

<u>**ORDER**</u>

Upon consideration of the Petitioner's Petition for a Writ of Habeas Corpus, United

States Parole Commission's Opposition to the Petitioner's Petition for a Writ of Habeas Corpus,

and for the reasons stated in the United States Parole Commission's Opposition, it is hereby

**ORDERED** that the show cause order as to the United States is discharged, and that

Petitioner's Petition for a Writ of Habeas Corpus is **DENIED**.

**SO ORDERED** this _____ day of _____, 2007.

_____
Colleen Kollar-Kotelly
U.S. District Court Judge

Copies to:

Melvin Montgomery
Fed. Reg. No. 04390-000
FCI Elkton
Federal Correctional Institution
P.O. Box 10
Lisbon, Ohio 44432

Sherri L. Berthrong
Assistant United States Attorney
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530

**EXHIBIT A**

```
5H    PAR3H  540*23 *          SENTENCE MONITORING          *    02-09-2007
PAGE 001        *          COMPUTATION DATA          *    13:48:48
                           AS OF 02-09-2007

REGNO..: 04390-000 NAME: MONTGOMERY, MELVIN


FBI NO...........: 183225DA4          DATE OF BIRTH: ████████
ARS1.............: ELK/A-DES
UNIT.............: UNIT C              QUARTERS.....: C07-038L
DETAINERS........: NO                 NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 08-31-2010

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  02-05-2011 VIA GCT REL

-------------------CURRENT JUDGMENT/WARRANT NO: 040 ----------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, DISTRICT CRT
DOCKET NUMBER...................: 05-147
JUDGE...........................: KESSLER
DATE SENTENCED/PROBATION IMPOSED: 12-04-2006
DATE COMMITTED..................: 12-04-2006
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

              FELONY ASSESS  MISDMNR ASSESS  FINES      COSTS
NON-COMMITTED.: $100.00       $00.00         $00.00     $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

-------------------CURRENT OBLIGATION NO: 010 ----------------
OFFENSE CODE....:  380
OFF/CHG: 21 USC 841;CONSPIRACY TO DISTRIBUTE AND PWID 100 GRAMS OR
         MORE OF HEROIN

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    60 MONTHS
 TERM OF SUPERVISION............:     4 YEARS
 DATE OF OFFENSE................: 11-24-2006




G0002      MORE PAGES TO FOLLOW . . .
```

(A)

```
5H     PAR3H  540*23 *          SENTENCE MONITORING          *    02-09-2007
PAGE 002         *           COMPUTATION DATA            *    13:48:48
                             AS OF 02-09-2007

REGNO..: 04390-000 NAME: MONTGOMERY, MELVIN


-------------------------CURRENT COMPUTATION NO: 040 -------------------------

COMPUTATION 040 WAS LAST UPDATED ON 01-05-2007 AT DSC AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 040: 040 010

DATE COMPUTATION BEGAN..........: 12-04-2006
TOTAL TERM IN EFFECT............:    60 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     5 YEARS
EARLIEST DATE OF OFFENSE........: 11-24-2006

JAIL CREDIT.....................:   FROM DATE     THRU DATE
                                    09-29-2006   12-03-2006

TOTAL PRIOR CREDIT TIME.........: 66
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 235
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 02-05-2011
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 09-28-2011


PROJECTED SATISFACTION DATE.....: 02-05-2011
PROJECTED SATISFACTION METHOD...: GCT REL




G0002     MORE PAGES TO FOLLOW . . .
```

```
5H     PAR3H  540*23 *          SENTENCE MONITORING              *    02-09-2007
PAGE 003          *          COMPUTATION DATA          *     13:48:48
                             AS OF 04-08-2004
```

REGNO..: 04390-000 NAME: MONTGOMERY, MELVIN


```
FBI NO............: 183225DA4          DATE OF BIRTH: ████████
ARS1.............: ELK/A-DES
UNIT.............: UNIT C                QUARTERS.....: C07-038L
DETAINERS........: NO                    NOTIFICATIONS: NO
```

PRE-RELEASE PREPARATION DATE: 03-28-2004

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  04-08-2004 VIA PL RELEASE

-----------------------PRIOR JUDGMENT/WARRANT NO: 030 -----------------------

```
COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: 802-86,08-86,80-94
JUDGE.........................: WERTHEIM
DATE SENTENCED/PROBATION IMPOSED: 12-23-1986
DATE WARRANT ISSUED............: N/A
DATE WARRANT EXECUTED..........: N/A
DATE COMMITTED.................: 12-11-2003
HOW COMMITTED.................: PUBLIC LAW-PAROLEE
PROBATION IMPOSED.............: NO
SPECIAL PAROLE TERM...........:
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

-----------------------PRIOR OBLIGATION NO: 010 -----------------------
OFFENSE CODE....: 620
OFF/CHG: PWITD, POSS PCP, PWITD HERION (PAROLE VIOLATION)

```
 SENTENCE PROCEDURE...........: 4209 PAROLEE IN PRGM WITH DRUG AFT CARE
 SENTENCE IMPOSED/TIME TO SERVE.:   180 DAYS
 DATE OF OFFENSE...............: 01-29-1986
```

G0002     MORE PAGES TO FOLLOW . . .

```
5H    PAR3H  540*23 *          SENTENCE MONITORING        *    02-09-2007
PAGE 004        *             COMPUTATION DATA       *    13:48:48
                            AS OF 04-08-2004

REGNO..: 04390-000 NAME: MONTGOMERY, MELVIN


--------------------------PRIOR COMPUTATION NO: 030 -------------------------

COMPUTATION 030 WAS LAST UPDATED ON 12-12-2003 AT CDC AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 030:   030 010

DATE COMPUTATION BEGAN..........: 12-11-2003
TOTAL TERM IN EFFECT............:  180 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    5 MONTHS    28 DAYS
EARLIEST DATE OF OFFENSE........: 01-29-1986

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
PAROLE ELIGIBILITY..............: N/A
STATUTORY RELEASE DATE..........: N/A
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 06-07-2004

NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: NOT ELIGIBLE

ACTUAL SATISFACTION DATE........: 04-08-2004
ACTUAL SATISFACTION METHOD......: PL RELEASE
ACTUAL SATISFACTION FACILITY....: CDC
ACTUAL SATISFACTION KEYED BY....: JAF

DAYS REMAINING..................: 60
FINAL PUBLIC LAW DAYS...........: 0

REMARKS.......: NOA DTD 11/24/03 REQUIRES DEFT SERVE UP TO 180 DAYS
                IN SANCTION CENTER. 4/8/04 COMPLETED PROGRAM.




G0002      MORE PAGES TO FOLLOW . . .
```

```
5H      PAR3H  540*23 *          SENTENCE MONITORING          *     02-09-2007
PAGE 005         *              COMPUTATION DATA          *      13:48:48
                               AS OF 07-10-2003

REGNO..: 04390-000 NAME: MONTGOMERY, MELVIN


FBI NO...........: 183225DA4        DATE OF BIRTH: ▮▮▮▮▮▮▮▮
ARS1.............: ELK/A-DES
UNIT.............: UNIT C           QUARTERS.....: C07-038L
DETAINERS........: NO               NOTIFICATIONS: NO


THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  07-10-2003 VIA PAROLE

-----------------------PRIOR JUDGMENT/WARRANT NO: 020 ----------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: 802-86,08-86,80-94
JUDGE...........................: WERTHEIM
DATE SENTENCED/PROBATION IMPOSED: 12-23-1986
DATE WARRANT ISSUED.............: 03-15-2000
DATE WARRANT EXECUTED...........: 03-21-2000
DATE COMMITTED..................: 10-31-2001
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY: NO SERVICES: NO      AMOUNT: $00.00

-----------------------PRIOR OBLIGATION NO: 010 ----------------------------
OFFENSE CODE....: 620
OFF/CHG: PWITD, POSS PCP, PWITD HERION (PAROLE VIOLATION)

  SENTENCE PROCEDURE.............: DC CODE ADULT
  SENTENCE IMPOSED/TIME TO SERVE.:    18 YEARS        90 DAYS
  NEW SENTENCE IMPOSED...........:  3504 DAYS
  BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
  DATE OF OFFENSE................: 01-29-1986


G0002       MORE PAGES TO FOLLOW . . .
```

```
5H     PAR3H  540*23 *              SENTENCE MONITORING        *      02-09-2007
PAGE 006          *              COMPUTATION DATA         *      13:48:48
                                 AS OF 07-10-2003

REGNO..: 04390-000 NAME: MONTGOMERY, MELVIN


-------------------------PRIOR COMPUTATION NO: 020 -------------------------

COMPUTATION 020 WAS LAST UPDATED ON 07-10-2003 AT CDC AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 020:   020 010

DATE COMPUTATION BEGAN..........: 03-21-2000
TOTAL TERM IN EFFECT............: 3504 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    9 YEARS      7 MONTHS      3 DAYS
EARLIEST DATE OF OFFENSE........: 01-29-1986

JAIL CREDIT.....................:  FROM DATE     THRU DATE
                                   03-11-2000    03-20-2000

TOTAL JAIL CREDIT TIME..........: 10
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 8
TOTAL SGT POSSIBLE..............: 920
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 04-07-2007
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: 04-16-2009
EXPIRATION FULL TERM DATE.......: 10-13-2009

PAROLE EFFECTIVE................: 07-10-2003
PAROLE EFF VERIFICATION DATE....: 07-10-2003
NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: PAROLE EFFECTIVE

ACTUAL SATISFACTION DATE........: 07-10-2003
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: CDC
ACTUAL SATISFACTION KEYED BY....: JAF

DAYS REMAINING..................: 2287
FINAL PUBLIC LAW DAYS...........: 0

             INMATE RECEIVED FROM DCDOC. /RLJ
             TIE IS TOTAL OF CASES F802-86, M12008-86, F2680-94 COMBINED.
             ARRESTED 3-11-00, JC APPLIED ACCORDINGLY.



5H
G0002       MORE PAGES TO FOLLOW . . .
```

```
5H      PAR3H  540*23 *            SENTENCE MONITORING            *     02-09-2007
PAGE 007           *             COMPUTATION DATA            *     13:48:48
                                AS OF 06-27-1997

REGNO..: 04390-000 NAME: MONTGOMERY, MELVIN


FBI NO...........: 183225DA4        DATE OF BIRTH: ███████
ARS1.............: ELK/A-DES
UNIT.............: UNIT C           QUARTERS.....: C07-038L
DETAINERS........: YES              NOTIFICATIONS: NO


THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE: 06-27-1997 VIA PAROLE

REMARKS........: DETN:  PAROLE VIOLATION, D.C. DEPARTMENT OF CORRECTIONS.

-----------------------PRIOR JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F-2680-94
JUDGE..........................: SATTERFIELD
DATE SENTENCED/PROBATION IMPOSED: 01-19-1995
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 06-20-1995
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


                FELONY ASSESS  MISDMNR ASSESS  FINES          COSTS
NON-COMMITTED.: $20.00         $00.00          $00.00         $00.00

RESTITUTION...: PROPERTY: NO   SERVICES: NO       AMOUNT: $00.00

-----------------------PRIOR OBLIGATION NO: 010 -----------------------
OFFENSE CODE....: 620
OFF/CHG: T33-549, ATTEMPT POSSESSION WITH INTENT TO DISTRIBUTE
         HEROIN.

 SENTENCE PROCEDURE.............: DC CODE ADULT
 SENTENCE IMPOSED/TIME TO SERVE.:     6 YEARS
 MINIMUM TERM...................:     2 YEARS
 DATE OF OFFENSE................: 03-25-1994




5H
G0002      MORE PAGES TO FOLLOW . . .
```

```
5H      PAR3H  540*23 *          SENTENCE MONITORING              *      02-09-2007
PAGE 008 OF 008 *               COMPUTATION DATA          *       13:48:48
                                AS OF 06-27-1997

REGNO..: 04390-000 NAME: MONTGOMERY, MELVIN


-------------------------PRIOR COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 06-27-1997 AT GRE AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010

DATE COMPUTATION BEGAN..........: 01-19-1995
TOTAL TERM IN EFFECT............:      6 YEARS
TOTAL TERM IN EFFECT CONVERTED..:      6 YEARS
EARLIEST DATE OF OFFENSE........: 03-25-1994

JAIL CREDIT.....................:  FROM DATE    THRU DATE
                                   03-25-1994   04-01-1994
                                   01-18-1995   01-18-1995

TOTAL JAIL CREDIT TIME..........: 9
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 8
TOTAL SGT POSSIBLE..............: 576
PAROLE ELIGIBILITY..............: 08-18-1996
STATUTORY RELEASE DATE..........: 06-13-1999
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: 07-13-2000
EXPIRATION FULL TERM DATE.......: 01-09-2001

PAROLE EFFECTIVE................: 06-28-1997
PAROLE EFF VERIFICATION DATE....: 06-26-1997
NEXT PAROLE HEARING DATE........: 04-00-1997
TYPE OF HEARING.................: STATUTORY INTERIM HEARING

ACTUAL SATISFACTION DATE........: 06-27-1997
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: GRE
ACTUAL SATISFACTION KEYED BY....: MKH

DAYS REMAINING..................: 1291
FINAL PUBLIC LAW DAYS...........: 1

               COMPUTATION PROVIDED BY D.C. DEPARTMENT OF CORRECTIONS.
               THE 180 DAY DATE DOES NOT APPLY TO THIS DC SENT PER PS 5880.31



5H
G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

# **EXHIBIT B**

ADP Form 19 DCDC-7-70

DISTRICT OF COLUMBIA
DEPARTMENT OF CORRECTIONS
FACE SHEET No. 2          1-14-87

Date
Prepared

(Mo., Da., Yr.)

| DCDC Number | Name (Last, First, Middle) | | | | | Race | Sex |
|---|---|---|---|---|---|---|---|
| 220831 | Montgomery, Melvin | | | | | | |
| Height | Weight | Build | Eyes | Hair | Age | Birth Date | Place of Birth |
| | | | | | | | |

| Offense | Total Sentence: 4yrs 30 days to 12yrs 90 days Less 157 days JTC | | |
|---|---|---|---|
| | Poss. w/int/ to Dist | Poss. of PCP | |
| Case Number | (Mad. MIJ.) F-802-86D | M-12008-86A | |
| Sentence (Yrs., Mos., Days) | 4yrs to 12yrs | 90 days Cons. | |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | 12-23-86 | 1-12-87 | |
| Full Term Date (Mo., Da., Yr.) | | 10-16-98 | |
| Short Term / M.R. Date (Mo., Da., Yr.) | | 10-8-94 | |
| Parole Eligibility Date (Mo., Da., Yr.) | | 8-17-90  8/12/90 | |
| Max. Supervision Date (Mo., Da., Yr.) | | 4-19-98 | |
| Statutory Good Time Rate / Month | | 5/1469 days | |
| Plea | | | |
| Committing Judge | | | |
| Defense Attorney | | | |
| Initialed By: | | T.S. | |

| DETAINERS | | | CONDUCT CREDITS | | | | |
|---|---|---|---|---|---|---|---|
| Date Filed | For | Action | Date | Credits | Forfeit | Restore | Balance |
| | | | | | | | |
| | | | | | | | |

| JAIL CREDIT DATES | | REMARKS |
|---|---|---|
| From and Including | To and Including | Court assessed $20. under D.C. Law 4-100 |
| 3-20-86 | 7-4-86 = 107 | |
| 11-13-86 | 12-22-86 = 40 | |
| 1-30-86 | 2-8-86 = 10 days | |
| | Total = 157 days | |

YELLOW COPY TO ADP

# **EXHIBIT C**



PB-18
(Revised 10/81)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
### CERTIFICATE OF PAROLE
Certificate-Adult-8454-90

## ADULT

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that Montgomery, Melvin _____ D.C.D.C. 220-831 _____ is eligible to be

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will

remain at liberty without violating the law and that the release of the individual to supervision

is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-

named be PAROLED on _____ November 5, _____, 19 90, and that said person remain under

supervision within the limits of the _____ Washington;Metro Area _____ (including the District of .

Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax

Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia)

until _____ October 6, _____, 19 98 ; unless or until other action is taken by the District

of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide

by and comply with all of the conditions of parole as shown on the reverse side of this

CERTIFICATE.

Given under the hands and seal of the BOARD this _____ 30, _____ day

of _____ August _____, 19 90

The above-named was released on
the 8th day of NOV., 19 70.

_____ J. Jones
Administrator

8-3469

**EXHIBIT D**




# The Board of Parole
of the
# District of Columbia

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 220-831                **NAME** MELVIN A MONTGOMERY

**DOB** ▮▮▮▮▮              **SSN** ▮▮▮▮▮▮        **LOCATION** D.C. JAIL

**DOCKET** H9212-0001        **CONSIDERATION TYPE** H:REVOCATION

The District of Columbia Board of Parole issues the following **ORDER:**

**REVOKE PAROLE FOR NONCRIMINAL VIOLATION(S); CONDUCT
A PREPAROLE INVESTIGATION BY 01/01/1993**

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

Remarks:

ILLEG USED NARCOTIC DRUG

*PPI should address in-patient drug program.*

12/02/1992
Date

Seal

NOA Date _12-8-1992_ by _MFH_

_____
Chairman
on behalf of the Board of Parole

[ Parole Determination File ]
WILSON, W

**EXHIBIT E**

PD-16
(Revised 10/81)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
### CERTIFICATE OF PAROLE
Certificate-Adult-12007-93

### ADULT

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that
Montgomery, Melvin _____ D.C.D.C. _____ 220-831 ___ is eligible to be
PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will
remain at liberty without violating the law and that the release of the individual to supervision
is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-
named be PAROLED on _____ January 21, ____, 19 _93_, and that said person remain under
supervision within the limits of the _____ Washington, Metro Area _____ (including the District of
Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax
Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia)
until _____ October 16, _____, 19_98_; unless or until other action is taken by the District
of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide
by and comply with all of the conditions of parole as shown on the reverse side of this
CERTIFICATE.

Given under the hands and seal of the BOARD this _____ 15th, _____ day
of _____ January _____, 19__93_.

The above-named was released on
the _____ day of _____, 19____.

_____
Administrator

**EXHIBIT F**




# The Board of Parole
## of the
# District of Columbia

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 220-831               **NAME** MELVIN A MONTGOMERY

**DOB** ▓▓▓▓▓         **SSN** ▓▓▓▓▓           **LOCATION** D.C. JAIL

**DOCKET** H9308-0115         **CONSIDERATION TYPE** H:REVOCATION

The District of Columbia Board of Parole issues the following **ORDER:**

REVOKE PAROLE FOR NONCRIMINAL VIOLATION(S); GRANT
REPAROLE THROUGH WORK RELEASE TO SUPERVISION ON OR
AFTER 01/14/1994

Implementation of this Order shall include the following:
Special Conditions of Parole

REFER/INTENSIVE SUPERV.
NARCOTICS SURVEILLANCE

Remarks:

FAILED TO REPORT AS DIRECTED
NONCOMPLIANCE: NARC SURVEILLANCE
NONCOMPLIANCE: INPAT DRUG PROG

08/26/1993
_____
Date

Seal

_____
Chairman
on behalf of the Board of Parole

[ Parole Determination File ]
WILSON, W

NOA Date _____ by _____

**EXHIBIT G**

PB-10
(Revised 10/01)

 

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
## CERTIFICATE OF PAROLE

ADULT

AP Certificate #13937-94

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

_____ Montgomery, Melvin _____ D.C.D.C. __220-831__ is eligible to be

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will

remain at liberty without violating the law and that the release of the individual to supervision

is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-

named be PAROLED on __January 26,__ , 19_94_, and that said person remain under

supervision within the limits of the Washington Metro Area  (including the District of

Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax

Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia)

until __November 7,__ , 19_98_; unless or until other action is taken by the District

of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide

by and comply with all of the conditions of parole as shown on the reverse side of this

CERTIFICATE.

Given under the hands and seal of the BOARD this __26th__ day

of __August__ , 19_93_

The above-named was released on

the _____ day of _____, 19____.

_____
Administrator

81—P5804

**EXHIBIT H**




GOVERNMENT OF THE DISTRICT OF COLUMBIA
BOARD OF PAROLE
717-14TH STREET, N.W., SUITE 300
WASHINGTON, D.C. 20005

BOARD OF PAROLE
PAROLE SUPERVISION
94 NOV 14 PM 4: 11

MEMORANDUM TO:  Board Members          DATE: 11-4-94

FROM:   Jerome C. Boston, Sr.          PAROLE UNIT #3
        Parole Officer

SUBJECT:  REPORT OF ALLEGED VIOLATION(S)          [ ] UPDATE

RE:   Montgomery, Melvin          220-831      358-759      N/A in PARIS
      Client's Name          DCDC #          PDID #          FBI #

      M          ▓▓▓▓▓          Active/Medium          1-14-94          _____
      Sex          DOB          Supv. Type/Level          Date Supv.          FTD
                                                          Began

      Special Conditions(s):  narc surv _____

      _____ PV for PWID, Poss of PCP _____
              Offense(s) On Which Parole May Be Revoked

      ___ PV owes on 12 yrs ___          12-23-86, 1-12-87
          Aggregate Sentence          Date Sentence Began

      ___ Disc  1-14-94 ___          ___ 1 ___          ___ 1 ___
      Release Type and Date          # Releases          # Revocations

ACTION RECOMMENDED:   [X] Warrant   [ ] OAR   [ ] OAPC   [ ] PA
                      Other: _____

| CODE | ALLEGATION(S)/DATE(S): | EVIDENCE - SOURCE & TYPE |
|------|------------------------|--------------------------|
| 1. 0901 | Failed to obey all laws as evidenced by his arrest on 3-24-94 | TC to Criminal Info, spoke w/Ms. Garaychochia 202-789-1373 |
| 2. 0902 | Failed to report his arrest of 3-24-94 | FS dated 11-1-94 |
| 3. 1004 | Failed to report as directed on 9-21-94 | Letter sent 9-7-94 for subject to rpt 9-21-94 |
| 4. 1004 | Failed to report as directed on 3-22-94 and 7-11-94 | FS dated 2-22-94 & 6-20-94 |



-2-

MONTGOMERY, Melvin
DCDC #220-831

The subject currently resides with his wife, Ms. ███████████████
at ████████████████████████████. This was last verified
through telephone communication with Ms. Montgomery on 11-2-94.
Melvin Montgomery is presently employed by the Dept. of Public
Works. This was last verified on 11-2-94 by s. ███████████, 202-
645-7048 by telephone communication.

Please be advised that the subject was arrested on 3-24-94 and
charged with PWID Heroin, case #F2680-94. On 8-2-94 the subject
pled to a lesser count of Att Distribution and was to return on 9-
21-94 for sentencing. However, Mr. Montgomery did not return to
court and a bench warrant was issued on 9-21-94 for Failure to
Appear. The MPD #163 arrest report will be forwarded upon receipt.
Mr. Montgomery never reported that arrest to his PO.

In reference to the subject's special condition of narcotic
surveillance, this writer would have to give a noncompliance
because of the lack of visits that the subject made with this
office he was not available to void urine specimens.

The subject' performance under supervision has been abyssmal. He
failed to keep his 3-24-94 and 7-11-94 appointments. Furthermore,
the subject was mailed a letter on 9-7-94 which instructed him to
report 9-21-94 and he failed to do so. Also, this writer must
bring to the Board's attention that through a telephone
conversation with Mr. Montgomery on 11-2-94, this writer was told
by Mr. Montgomery that he has a substance abuse addiction for
heroin.

It is this writer's recommendation that an arrest warrant be
issued, and that while the subject is incarcerated he be placed in
an inpatient substance abuse program.

APPROVED:                          Respectfully submitted,

_____            _____
M. E. Sutton                       Jerome C. Boston, Sr.
Supervisory Parole Officer         Parole Officer
General Supervision Unit 3

**EXHIBIT I**

# DISTRICT OF COLUMBIA BOARD OF PAROLE

## WARRANT

Number __PE-27615-94__

TO:  Any Officer of the D.C. Department of Corrections
Any Police Officer or Federal Officer Authorized to Serve Criminal Process

RE:  NAME: __Montgomery, Melvin__                          DCDC # __220-831__

ALIAS:_____                              PDID # __358-759__

_____                                    FBI # __N/A__

LAST KNOWN ADDRESS:_____                 DOB: ████████

████████████████ WDC  RACE: __Black__ SEX: __Male__

PAROLE OFFICER: __Jerome Boston__                          HEIGHT: __5'8__ WEIGHT: __150__

SENTENCE TYPE: __X__ Adult ___YRA ___FYCA* ___YRA & Adult ___FYCA & Adult

SUBJECT'S LOCATION: __X__ At large ___ Confined at _____

WHEREAS the above-named person is under sentence in the District of Columbia
for the crime(s) of __PV for PWID, Poss of PCP__ and was
on the __26th__ day of __January__, 19__94__, released on parole from the
__Modular Facility__,

AND WHEREAS reliable allegations have been filed with the D.C. Board of Parole
that said paroled prisoner has violated the conditions of parole and is therefore
deemed to be a fugitive from justice,

YOU ARE HEREBY COMMANDED TO TAKE SAID PAROLEE, WHEREVER FOUND IN THE UNITED
STATES AND RETURN SAID PAROLEE TO THE CUSTODY OF THE DISTRICT OF COLUMBIA
DEPARTMENT OF CORRECTIONS, *EXCEPT IF SAID PAROLEE IS ALREADY IN THE CUSTODY OF
FEDERAL, STATE OR DISTRICT OF COLUMBIA AUTHORITIES, DO NOT EXECUTE THIS WARRANT.
PLACE A DETAINER AND NOTIFY THE D.C. BOARD OF PAROLE. ALSO, IF ANOTHER CRIMINAL
WARRANT HAS BEEN ISSUED FOR THIS PAROLEE, EXECUTION OF SUCH CRIMINAL WARRANT
SHALL TAKE PRECEDENCE. IMMEDIATELY NOTIFY THE D.C. BOARD OF PAROLE WHEN ITS
WARRANT IS EXECUTED.*

WITNESS my hand and the seal of this Board this __30th__ day of __November__,
19__94__.

_____
Member, D.C. Board of Parole

* **FYCA case ONLY:**  This warrant expires at 12:01 a.m. on _____, 19____
and the person named MUST NOT be held beyond that time.

BOP.280  7/20/93

SENT BY:                    8-15-97 ; 10:00 ;D.C. Jail -- RECORDS-           SJL CORP;# 1/ 1

**WARRANT for return of Paroled Prisoner** MONTGOMERY, MELVIN

**DCDC No.** 220831 **to the Central Detention Facility, Washington, D.C.**

---

**EXECUTING OFFICIAL'S RETURN TO THE DISTRICT OF COLUMBIA BOARD OF PAROLE**

WASHINGTON_____, District of COLUMBIA

Received this writ the 28TH day of JULY, 19 97, and executed same

by arresting Paroled Prisoner MONTGOMERY, MELVIN at

WASHINGTON, D.C. this 28 day of JULY,

19 97, at 4:00 a.m./p.m. and committing him/her to The

D.C. JAIL

_James L. Campbell, LTC_
                    **Executing Officer**


Further executed same by commitment of the above-named Paroled Prisoner to

THE D.C. JAIL at WASHINGTON, D.C.

on this 28 day of JULY, 19 97, at 4:a a.m./p.m.

the institution designated by the Attorney General, with this copy of the Warrant

and the Statement of Alleged Violations attached hereto.

_James L. Campbell_
                    **Executing Officer**

---

**NOTE:**     *One signed copy of this executed warrant is to be returned to the
District of Columbia Board of Parole. If an expired warrant for a
prisoner sentenced under the Federal Youth Corrections Act (FYCA)
is discovered in your files, it should be returned forthwith to the
District of Columbia Board of Parole.*

**EXHIBIT J**

220831R

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
~~District of Columbia~~

CDF 48

Case No. F-2680-94

PDID No. 358-759

vs.

Melvin A. Montgomery

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of ____

Count C - Attempt Possession With Intent To Distribute Heroin

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been

convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to ____

Two (2) Years to Six (6) Years

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☒ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803(b) of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

   ☐ Observe the general conditions of probation listed on the back of this order.

   ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

   ☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

   ☐ Restitution of $ _____ in monthly installments of $ _____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

   ☐

Costs in the aggregate amount of $ 20 have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized officials, and that the copy shall serve as the commitment/order for the defendant.

1/19/95
Date

_____
Judge

Certification by Clerk pursuant to Criminal ____

1/19/95
Date

Brian Coleman
Deputy Clerk

Form CDX18-1040/Aug. 87

**EXHIBIT K**

## INITIAL HEARING SUMMARY (DC)

**Name:** . . . . . . . .  MONTGOMERY, Melvin

**Reg No:** . . . . . . .  04390-000

**Hearing Date:** . . .  10-24-1996

**Institution:** . . . . .  Marion FPC

**Examiner:** . . . . . .  Beale, Dorothy A.

**2/3 or MR Date:** . . . . 12-13-1999 //

**Projected MR Date:** . . 6-13-1999

**Full Term Date:** . . . . . 1-9-2001

**Months in Custody:** . . 21 //

       **As Of:** . . . 10-25-1996

**Grid Score** . . . . . . . . 3

**Salient Factor Score:** . 3 which indicates High risk for DC g/l and parole to be denied at initial hearing; rehearing scheduled

**Recommended Release**  Deny parole and continue for a review hearing 4-1997.

---

I.  The panel has discussed the prisoner's offense and salient factor score with the prisoner. The prisoner admits the description of the offense behavior, salient factor score items and grid score points.

The subject stated that he became involved in the instant offense primarily due to his relapse back to heroin. The subject stated that he has used drugs since age 14 or for approximately 17 year. The subject attributed his relapse back to drug use due to stress over not being allowed to have his daughter accompany him out of town to Disneyland in Florida and to the fact that he used drugs to cope with pain associated with a gunshot wound he received. At today's hearing, the subject expressed remorse for his involvement in the instant offense and stated that he now realizes that his relapse is also associated with being around the wrong type of people. He stated that when he is released again, he will initially seek drug treatment and will not associate with persons who are drug abusers or are selling drugs.

II.  **Modifications, Additions, Corrections from Prehearing Assessment:**

None.

III.  **Institutional Factors:**

At today's hearing, subject stated that he has maintained clear conduct since being reincarcerated and this examiner's review of his case file does not dispute his claim.

MONTGOMERY.043

Page 1 of 2



Subject stated that he is currently assigned as a "beverage repair person" responsible for refilling liquid containers in the food services department. The subject also indicated that he is currently attending NA meetings twice per week.

**IV.    Fines, Restitution, Court Assessment:** N/a.

**V.    Release Plans:**

Upon release, the subject stated that he will initially reside in Washington, D.C. However, his long term plans are to relocate to Orangeburg, South Carolina where he will reside with family and obtain employment. The subject also stated that upon his return to the Washington, D.C. area he would like to be placed in the Baltimore Recovery Center which is a 30-day in-patient program.

**VI.    Representative:**

None.

**VII.    Risk:** N/a.

**VIII.    Evaluation:**

D.C guidelines are applicable and with a Salient Factor Score of 3, subject is rated in the High risk group and with a grid point score of 3, it is indicated that parole shall be denied at the initial hearing and a rehearing scheduled.

Subject has served 21 months of his 2-6 year D.C. Code sentence for Attempted Possession With Intent to Distribute Heroin.

The examiner is recommending a review hearing in April, 1997. In making this recommendation, the examiner took into consideration that the subject should have had his initial hearing in April 1996, however due to the Commission's inability to obtain information describing the offense conduct, his hearing could not be held prior to October 1996. Thus, the examiner does not believe that he should be penalized for not being able to have his hearing in a timely manner.

**XI.    Panel Recommendation:**

Deny parole. Continue for a review hearing in April, 1997.

Note: It appears that there is a DC Department of Corrections detainer lodged against subject for a parole violation. However, this examiner was unable to determine whether or not a warrant was ever issued by the D.C. Department of Corrections. This issue needs to be explored as soon as possible to determine whether or not a parole violation

MONTGOMERY.043                                                      **Page 2 of 2**

hearing should have occurred instead of the initial hearing.

CLW/October 30, 1996

MONTGOMERY.043                                              Page 3 of 2

**EXHIBIT L**

**U.S. Department of Justice**                     **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

Name: **Montgomery, Melvin**

Register Number: **04390-000**              Institution: **Marion FPC**

In the case of the above-named, the following parole action was ordered:

Deny parole and continue for a review hearing in April, 1997.

THE ABOVE DECISION IS NOT APPEALABLE.

REASONS:

You have a score of 3 points under the District of Columbia parole guidelines.  Those guidelines indicate that parole should not be granted at this time.  After consideration of all factors and information presented, a departure from the guidelines at this consideration is not found to be warranted.

cc:

Date: November 15, 1996                              Clerk: DMJ

Page 1 of 1                                          Montgome.043

**EXHIBIT M**

U.S. Department of Justice     Notice of Action
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Name: MONTGOMERY, Melvin A.                    DCDC Number: 220-831

Register Number: 04390-000                    Institution: Marion USP

In the case of the above-named, the following parole action was ordered:

Parole Effective (June 28, 1997) to the actual physical custody of detaining authorities with the Special Drug Aftercare Condition, or if the detainer is not exercised, parole to an approved plan (July 8, 1997) with the Special Drug Aftercare Condition. You shall participate as instructed by your U.S. Probation Officer in a program approved by the Parole Commission for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

Also with highest level of supervision required.

THE ABOVE DECISION IS NOT APPEALABLE.


REASONS:

You have a score of 2 points under the District of Columbia parole guidelines. Those guidelines indicate that parole should be granted at this time. After consideration of all factors and information presented, a departure from the guidelines at this consideration is not found to be warranted.


cc:    U.S. Probation Officer
       District of Columbia
       3rd & Constitution Avenue, N.W.
       U.S. Courthouse, Room 2800
       Washington, D.C. 20001-2866

Date: May 19, 1997                              Clerk: dlw

Page 1 of 1                                     MONTGOME.043

# **EXHIBIT N**

## U.S. Department of Justice
### United States Parole Commission

## CERTIFICATE OF PAROLE
### (Parole to the Detainer)

Know all Men by these Presents:

It having been made to appear to the United States Parole Commission that **MONTGOMERY**, Melvin, Register No. **04390-000**, a prisoner incarcerated in the **FCI, Greenville, IL** is eligible to be **PAROLED**, and in that said prisoner substantially observed the rules of the institution, and in the opinion of the Commission said prisoner's release would not depreciate the seriousness of this offense or promote disrespect for the law, and would not jeopardize the public welfare, it is ORDERED by the said United States Parole Commission that said prisoner be PAROLED on **June 28, 1997**, and that said prisoner is to remain within the limits of **District of Columbia** until **January 9, 2001**.

Given under the hands and the seal of the United States Parole Commission on **June 26, 1997**.

### UNITED STATES PAROLE COMMISSION

*Juanita E. Holmes*

**By: Juanita E. Holmes, Parole Info Specialist**

Initial Risk Category: SFS - (DC case)
Chief U.S. Probation Officer: **Richard A. Houck, Jr., District of Columbia**

I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof, I fully understand them and know that if I violate any, I may be recommitted. I also understand that the law requires the Parole Commission to revoke my parole if I am found by the Commission to have possessed any illegal controlled substance. I also understand that special conditions may be added or modifications of any condition may be made by the Parole Commission upon notice required by law. *Melvin Montgomery*                          *04390-000*

|  | Name |  | Reg. No. |
|---|---|---|---|

Witnessed: *Marta I. Shoje Case Manager*      *June 26, 1997*

|  | Name and Title |  | Date |
|---|---|---|---|

The above-named person was released on the <u>28th</u> day of <u>June</u>, 19<u>97</u> with a total of <u>#1291</u> days remaining to be served.

**Official Certifying Release**

This CERTIFICATE will become effective on the day of release indicated above. If the releasee fails to comply with any of the conditions listed on the attached page, the releasee may be summoned to a hearing or retaken on a warrant issued by a Commissioner of the U.S. Parole Commission and reimprisoned pending a hearing to determine if the release should be revoked.

Page 1 of 3                                              Montgome.043

## CONDITIONS OF RELEASE

1. You shall go directly to the district shown on the CERTIFICATE OF RELEASE (unless released to the custody of other authorities). Within three days after your arrival, you shall report to your parole advisor if you have one, and the United States Probation Officer whose name appears on the Certificate. If in any emergency you are unable to get in touch with your parole advisor, or your Probation Officer or the United States Probation Office, you shall communicate with the United States Parole Commission, Department of Justice, Chevy Chase, Maryland 20815.

2. If you are released to the custody of other authorities, and after your release from physical custody of such authorities, you are unable to report to the United States Probation Officer to whom you are assigned within three days, you shall report instead to the nearest United States Probation Office.

3. You shall not leave the limits fixed by the CERTIFICATE OF RELEASE without written permission from your Probation Officer.

4. You shall notify your Probation Officer within 2 days of any change in your place of residence.

5. You shall make a complete and truthful written report (on a form provided for that purpose) to your Probation Officer between the first and third day of each month, and on the final day of parole. You shall also report to your Probation Officer at other times as your Probation Officer directs, providing complete and truthful information.

6. You shall not violate any law, nor shall you associate with persons engaged in criminal activity. You shall get in touch within 2 days with your Probation Officer or the United States Probation Office if you are arrested or questioned by a law-enforcement officer.

7. You shall not enter into any agreement to act as an informer or special agent for any law-enforcement agency.

8. You shall work regularly unless excused by your Probation Officer, and support your legal dependents, if any, to the best of your ability. You shall report within 2 days to your Probation Officer any changes in employment.

9. You shall not drink alcoholic beverages to excess. You shall not purchase, possess, use or administer marijuana or narcotic or other habit-forming or dangerous drugs, unless prescribed or advised by a physician. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away.

10. You shall not associate with persons who have a criminal record unless you have permission by your Probation Officer.

11. You shall not possess a firearm, or other dangerous weapons.

12. You shall permit confiscation by your Probation Officer of any materials which your Probation Officer believes may constitute contraband in your possession and which your Probation Officer observes in plain view in your residence, place of business or occupation, vehicle(s) or on your person.

13. You shall make a diligent effort to satisfy any fine, restitution order, court costs or assessment, and/or court ordered child support or alimony payment that has been, or may be, imposed, and shall provide such financial information as may be requested, by your Probation Officer, relevant to the payment of the obligation. If unable to pay the obligation in one sum, you will cooperate with your Probation Officer in establishing an installment payment schedule.

Page 2 of 3                                   Montgome.043



14. You shall submit to a drug test whenever ordered by your Probation Officer.

By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the U.S. Parole Commission and the Probation Office. I further consent to the disclosure by such facility to the U.S. Parole Commission and the Probation Office of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of parole supervision, or the occurrence of one of the items specified in 42 C.F.R. 2.35(b), whichever is earlier.

You shall also abide by the below listed special condition(s) as indicated:

Parole to the actual physical custody of detaining authorities, or if the detainer is not exercised, parole to the community July 28, 1997 with the Special Drug Aftercare Condition. You shall participate as instructed by your U.S. Probation Officer in a program approved by the U.S. Parole Commission for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

Also, with the Highest Level of Supervision required.

Information concerning a releasee under the supervision of the U.S. Parole Commission may be disclosed to a person or persons who may be exposed to harm through contact with that particular releasee if such disclosure is deemed to be reasonably necessary to give notice that such danger exists. Information concerning a releasee may be released to a law enforcement agency as required for the protection of the public or the enforcement of the conditions of the release.

Montgome.043

**EXHIBIT O**

 

# The Board of Parole
### of the
## District of Columbia

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 220-831

**DOB** ▮▮▮▮▮▮▮

**DOCKET** H9709-0055

**NAME** MELVIN A MONTGOMERY

**SSN** ▮▮▮▮▮▮▮     **LOCATION** MEDIUM

**CONSIDERATION TYPE** H:REVOCATION

The District of Columbia Board of Parole issues the following **ORDER:**

> REVOKE PAROLE FOR CRIMINAL AND NONCRIMINAL VIOLATIONS;
> GRANT REPAROLE TO SUPERVISION

Implementation of this Order shall include the following:
Special Conditions of Parole

> INPATIENT DRUG PROGRAM
> NARCOTICS ANONYMOUS
> NARCOTICS SURVEILLANCE

Remarks:

> FAILED TO OBEY ALL LAWS
> FAILED TO REPORT ARREST TO PO
> FAILED TO REPORT AS DIRECTED
> FAILED TO REPORT AS DIRECTED

10/16/1997
_____
Date

Seal

*Margaret Quick* - 8
_____
Chairman
on behalf of the Board of Parole

NOA Date 11-7-97 by ▮▮▮▮

[ Parole Determination File ]
BOSTON, J

PK 10-29-97

**EXHIBIT P**




**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**DISTRICT OF COLUMBIA BOARD OF PAROLE**
**300 INDIANA AVENUE N.W., SUITE 2100**
**WASHINGTON, DC 20001**
**(202) 727-0074**

# CERTIFICATE OF PAROLE

### ADULT SENTENCE
### Adult Parole Certificate #21174-98

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that **MONTGOMERY, Melvin, DCDC# 220-831,** is eligible to be PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will remain at liberty without violating the law and that the release of the individual to supervision is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-named be PAROLED on **May 5, 1998,** and that said person remain under supervision within the limits of the Washington Metropolitan Area (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia) until **June 5, 2001;** unless or until other action is taken by the District of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide by and comply with all of the conditions of parole as shown on the reverse side of this CERTIFICATE.

Pursuant to the BOARD ORDER issued on **October 16, 1997.**

The above-named was released on the

_____ day of _____,19_____ .

_____
Chairperson
on behalf of the Board of Parole

_____
Administrator



**EXHIBIT Q**

*S. Hall*

*LOR*
*2/23/99*
*ECI*

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA
### PROBATION OFFICE

RICHARD A. HOUCK, JR.
CHIEF UNITED STATES PROBATION OFFICER

E. BARRETT PRETTYMAN U.S. COURTHOUSE
333 CONSTITUTION AVENUE, N.W., SUITE 2800
WASHINGTON, D.C. 20001-2866
TELEPHONE (202) 565-1300

RECEIVED
FEB 19 1999
P.M.

February 17, 1999

Mr. Tim Tobin
Case Analyst
U.S. Parole Commission
5550 Friendship Boulevard, Suite 420
Chevy Chase, Maryland 20815

Re:   **MONTGOMERY, Melvin**
      **Reg. No. 04390-000**
      **Paroled: 6/28/98**
      **Expiration Date: 1/9/ 01**
      **Violation Report/No Warrant Requested**

Dear Mr. Tobin:

On June 29, 1997, Mr. Montgomery was released from the Federal Correctional Institution, Greenville, Illinois, to the D.C. Department of Corrections detainer. He was released from the detainer on May 5, 1998. He is scheduled to remain on supervision until January 9, 2001.

The purpose of this letter is to inform the U.S. Parole Commission that Mr. Montgomery is in violation of his release conditions.

According to information and report received from Mr. Montgomery's D.C. parole officer, he submitted positive urine samples for Opiates (Morphine) on October 26, 1998, November 16, 1998, and on December 28, 1998. He is participating in the D.C. Parole Substance Abuse Intervention Treatment Program. In addition to the above violation, Mr. Montgomery submitted a positive urine specimen at the U.S. Probation Office on November 13, 1998, December 18, 1998, January 28, 1999, and February 2, 1999. which was returned positive for Morphine (Heroin). As a result of the above, he was referred to Second Genesis for further urinalysis.

Since his release to parole supervision, his adjustment has been tainted by his use of illegal drugs. He has maintained stable residence with his wife and children, and is employed as a facilities coordinator with World Space, Inc. in the District of Columbia. To his favor, he reports to the probation office as instructed. In view of his reporting to drug treatment and willingness





MONTGOMERY, Melvin
Reg. No. 04390-000
Page 2

to cooperate with the probation office, we are recommending that no warrant be issued in light
of the above violations. We also recommend that the Commission issue an official letter of
reprimand regarding the above violations.

Sincerely,

**UNITED STATES PROBATION OFFICE**



Eugene E. Corbett, Jr.
U.S. Probation Office
(202) 565-1327

pat

**EXHIBIT R**

# DISTRICT OF COLUMBIA BOARD OF PAROLE

**WARRANT**

NUMBER:PE-35473-99

**TO:** *Any Officer of the D.C. Department of Corrections. Any Police Officer or Federal Officer Authorized to Serve Criminal Process*

**RE: NAME :** MONTGOMERY, MELVIN A
**ALIAS:** MELVIN
       MONTGOMERY, MELVIN ANTHONY

SSN# ▮▮▮▮▮▮
DCDC# 220-831
PDID# 358759
FBI# 183225DA4
DOB: ▮▮▮▮
SEX: MALE
RACE: BLACK
EYES: BROWN
HAIR: BLACK
HEIGHT: 5 ft  8 in
WEIGHT: 160 lbs
COMPLEXION: DARK

**DISTINGUISHING MARKS:**

**SENTENCE TYPE:** ADULT

**PAROLE OFFICER:** MILAM, JOHN

**LAST KNOWN ADDRESS:** ▮▮▮▮▮▮▮
WASHINGTON, DC 20003

**SUBJECT'S LOCATION:** At large__X___     Confined in_____

*Whereas the above-named person is under sentence in the District of Columbia for the crime(s) of  Possession with Intent to Distribute; Possession of PCP and was on the  5th of May,  1998 released on parole from the Occoquan Facility, And whereas reliable allegations have been filed with the D.C. Board of Parole that said paroled prisoner has violated the conditions of parole and is therefore deemed to be a fugitive from justice,*

*YOU ARE HEREBY COMMANDED TO TAKE SAID PAROLEE, WHEREVER FOUND IN THE UNITED STATES AND RETURN SAID PAROLEE TO THE CUSTODY OF THE DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS, EXCEPT  IF SAID PAROLEE IS ALREADY IN THE CUSTODY OF FEDERAL,  STATE OR DISTRICT OF COLUMBIA AUTHORITIES, DO NOT EXECUTE THIS WARRANT.  PLACE A DETAINER AND NOTIFY THE D.C. BOARD OF PAROLE.  ALSO, IF ANOTHER CRIMINAL WARRANT HAS BEEN ISSUED FOR THIS PAROLEE, EXECUTION OF SUCH CRIMINAL WARRANT SHALL TAKE PRECEDENCE.  IMMEDIATELY NOTIFY THE D.C. BOARD OF PAROLE WHEN ITS WARRANT IS EXECUTED.*

*WITNESS my hand and the seal of this Board this*  11th day of JUNE 1999

_____
*Member, D.C. Board of Parole*

* **FYCA case ONLY:** This warrant expires at 12:01 a.m. on _____, 19_____
and the person named MUST NOT be held beyond that time.

**EXHIBIT S**




# The Board of Parole

*of the*

# District of Columbia

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 220-831  **NAME** MELVIN A MONTGOMERY

**DOB**   **SSN** ▓▓▓▓▓▓    **LOCATION** COMPLEX

**DOCKET** H9910-0054  **CONSIDERATION TYPE** H:REVOCATION

The District of Columbia Board of Parole issues the following **ORDER:**

REVOKE PAROLE FOR NONCRIMINAL VIOLATION(S); GRANT
REPAROLE IMMEDIATELY

Implementation of this Order shall include the following:
Special Conditions of Parole

NARCOTICS SURVEILLANCE
OUTPATIENT DRUG PROGRAM

Remarks:

ILLEG USED NARCOTIC DRUG
ILLEG USED CONTROL-DANGER SUBSTANCE
FAILED TO COOP W/ RESP FOR SUPV
FAILED TO REPORT AS DIRECTED

*11/10/99*

11/03/1999
_____
Date

Seal

Chairman
on behalf of the Board of Parole

NOA Date *11/10/99* by _____

[ Parole Determination File ]
WADE, C

**EXHIBIT T**

# DISTRICT OF COLUMBIA BOARD OF PAROLE

**WARRANT**

NUMBER: P- 36306-00

**TO:** *Any Officer of the D.C. Department of Corrections. Any Police Officer or Federal Officer Authorized to Serve Criminal Process*

**RE: NAME :** MONTGOMERY, MELVIN A
**ALIAS:** MELVIN
     MONTGOMERY, MELVIN ANTHONY

**SSN#** ▮▮▮▮▮▮
**DCDC#** 220-831
**PDID#** 358759
**FBI#** 183225DA4
**DOB:** ▮▮▮▮
**SEX:** MALE
**RACE:** BLACK
**EYES:** BROWN
**HAIR:** BLACK
**HEIGHT:** 5 ft  8 in
**WEIGHT:** 160 lbs
**COMPLEXION:** DARK

**DISTINGUISHING MARKS:** ADDT'L SS# 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
*TATTOO LEFT CHEST*

**SENTENCE TYPE:** ADULT

**PAROLE OFFICER:** HARRISON, Gregory

**LAST KNOWN ADDRESS:** ▮▮▮▮▮▮▮▮
▮▮▮▮▮, MD 20712 PG

**SUBJECT'S LOCATION:** At large_____    Confined in__DC JAIL_____

*Whereas the above-named person is under sentence in the District of Columbia for the crime(s) of PWID HEROIN, POSS HEROIN ,POSS PCP*
*and was on the 3RD NOVEMBER, 1999 released on parole from the CENTRAL DETENTION FACILITY, And whereas reliable allegations have been filed with the D.C. Board of Parole that said paroled prisoner has violated the conditions of parole and is therefore deemed to be a fugitive from justice,*

*YOU ARE HEREBY COMMANDED TO TAKE SAID PAROLEE, WHEREVER FOUND IN THE UNITED STATES AND*

*RETURN SAID PAROLEE TO THE CUSTODY OF THE DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS,*

*EXCEPT  IF SAID PAROLEE IS ALREADY IN THE CUSTODY OF FEDERAL,  STATE OR DISTRICT OF*

*COLUMBIA AUTHORITIES, DO NOT EXECUTE THIS WARRANT.   PLACE A DETAINER AND NOTIFY*

*THE D.C. BOARD OF PAROLE.  ALSO, IF ANOTHER CRIMINAL WARRANT HAS BEEN ISSUED FOR THIS*

*PAROLEE, EXECUTION OF SUCH CRIMINAL WARRANT SHALL TAKE PRECEDENCE.  IMMEDIATELY*

*NOTIFY THE D.C. BOARD OF PAROLE WHEN ITS WARRANT IS EXECUTED.*

*WITNESS my hand and the seal of this Board this* 15th *day of* March 2000.

_____
*Member, D.C. Board of Parole*

(T)

* *FYCA case ONLY: This warrant expires at 12:01 a.m. on _____, 19_____ and the person named MUST NOT be held beyond that time.*

**EXHIBIT U**

 

# The Board of Parole

*of the*

# District of Columbia

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

DCDC  220-831                    NAME  MELVIN A MONTGOMERY

DOB  ▉▉▉▉▉                    SSN  ▉▉▉▉▉            LOCATION  D.C. JAIL

DOCKET  H0006-0243            CONSIDERATION TYPE  H:REVOCATION

The District of Columbia Board of Parole issues the following **ORDER:**

REVOKE PAROLE FOR CRIMINAL AND NONCRIMINAL VIOLATIONS;
CONSIDER FOR REPAROLE BY 06/21/2001

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

INTENSIVE DRUG PROGRAM

Remarks:

ILLEG POSS NARCOTIC DRUG
ILLEG SOLD NARCOTIC DRUG
VISITED PL/NARCOTIC DRUG ILLEG SOLD
FAILED TO OBEY ALL LAWS
ILLEG POSS NARCOTIC DRUG
ILLEG USED CONTROL-DANGER SUBSTANCE
FAILED TO CARRY OUT PO INSTRUCTIONS

07/05/2000  7/13/00
_____
Date

Margaret Quick
_____
Chairman
on behalf of the Board of Parole

Seal

NOA Date 7-17 2000 by _____

[ Parole Determination File ]
HARRISON, Gregory

**EXHIBIT V**

(REV-S)

< SUMCODE-DCREVREH_SUM >
### D.C. REVOCATION REHEARING HEARING SUMMARY
### (ADULT REVOCATION HEARING PRIOR TO 8/5/2000)

**Original Offense of Conviction - Possession With Intent to Distribute Heroin and PCP**

**Violation Offense Behavior - Possession With Intent to Distribute Less Than 5 Grams of Heroin, Use of Drugs and Failure to Report for Drug Testing**

| | | | |
|---|---|---|---|
| **Name** | :MONTGOMERY, Melvin | **Institution** | :Lorton Central |
| **Reg No** | :00220+831 | **Projected MR Date:** | 10/1/2004 |
| **Date of Birth:** | ▉▉▉▉ | **Full Term Date:** | 5/14/2006 |
| **Date Dictated:** | 7/11/2001 | **Fines/Restitution/Court Assessment:** | N/A |
| | | **Reviewer** | :Stephen J. Husk |

## I.    PREVIOUS COMMISSION ACTION:

See the Prehearing Assessment dated 6/13/2001.

## II.    REVIEW OF CHARGES:

Charge No. 1 - Use of Drugs.

The subject admitted that he tested positive for heroin and used heroin while under parole supervision on at least four occasions.

Charge No. 2 - Failed to Carry Out PO's Instructions.

The subject admitted that he failed to carry out the PO's instructions by not reporting to drug testing on two occasions.

Charge No. 3 - Failed to Obey all Laws:  Possession with Intent to Distribute Heroin and Simple Possession of Heroin.

The subject admitted that he had heroin in his possession.  He states that he was using heroin. He states that he had just gone off Methadone and needed the heroin.  He states that he had just got paid and his paycheck was $450.  He had cashed the $450 pay check and believes he bought cigarettes along with a small amount of heroin.  He states that about 5 minutes after he had bought this heroin, he was arrested.  The subject stated that he simply put the heroin in his sock.

MONTGOME.220                                                           Page 1 of 3

(REV-S)

The subject pled guilty to the lesser included offense of possession of heroin and, on 8/5/2000, was sentenced to 30 days suspended all but time served and be placed in a Residential Treatment Center at the discretion of the Parole Board.

The examiner believes the preponderance of evidence support a finding that subject possessed with intent to distribute a small scale amount of heroin. The subject stated at today's hearing that the large amount of cash found in his possession was from a paycheck that he had just cashed. The examiner believes that the preponderance of evidence weighs in favor of the fact that the subject possessed this cash because he was involved in drug distribution. Specifically, police responded to a tip regarding drug activity. They then found subject at the scene and he had seven ziploc bags in his sock. He also had $382 on his person. The fact that the subject was at the scene of an area that another individual had tipped police that drug activity was occurring, he had a large amount of cash in his possession and he had opiates in his sock, indicates to this examiner that the subject was involved in the possession with intent to distribute less than 5 grams of heroin. The examiner believes a Category Four rating of the law violation is appropriate.

## III.   INSTITUTIONAL ADJUSTMENT AND RELEASE PLANS:

The subject maintains a work detail on the outside maintenance crew. He receives outstanding work reports. The subject also has completed Narcotics Anonymous and Alcoholics Anonymous Programs.

If released, the subject will reside with his wife, ████████████y at ████████████ ████, Mt. Rainer, MD 20912. Phone number ████████████

## IV.   SALIENT FACTOR SCORE:

A =   0      Subject has five or more prior conviction(s).

B =   0      Subject has four prior commitments of more than 30 days that were imposed prior to the last overt act of the current offense (see dispositions listed above).

C =   2      Subject was 36 years old at the commencement of the parole violation behavior. Subject has four prior commitments.

D =   0      Subject was last released on 5/5/98.

E =   0      Subject is a parole violator.

F =   0      Subject was not 41 years of age or more at the commencement of the current offense.

2.      **TOTAL SCORE**

MONTGOME.220                                                     Page 2 of 3

(REV-S)

## V.   RISK:

The examiner does not view the subject as a poor or more serious risk than his SFS of 2 already indicates.

## VI.EVALUATION:

The Parole Violation Behavior is rated as Category Four severity because it involved possession with intent to distribute less than 5 grams of heroin. The reparole guideline range is 34-44 months.

The examiner disagrees with the Prehearing Assessment of the assessment of the SFS. The prehearing assessor indicates that the DC Board revoked his parole twice but "did not impose a commitment sanction". The examiner disagrees with this assessment. The information that is summarized in the prehearing assessment indicates that parole was revoked on 12/2/92 and the subject reparoled on 1/21/93. It further states this parole was revoked for a second time on 8/26/93 and he reparoled on 1/29/94. It further states that the subject's parole was revoked on 11/7/97 and he reparoled on 5/5/98. It states also that the parole was revoked on 11/13/99 and that he reparoled immediately. It does not state whether the subject served more than 30 days in this case.

While it may true that the DC Board of Parole ordered revoke parole and reparole immediately on at least three occasions, the examiner believes that, as long as he served more than 30 days on the parole violations that they should count as prior commitments of more than 30 days. The examiner believes that the DC Board of Parole's decision to revoke and reparole already counts for the fact that the subject may have served more than 30 days at the time the revocation was ordered. In fact, the subject clearly served more than 30 days on at least three of the prior parole revocations. The examiner does not know whether he served more than 30 days when he was revoked on 11/13/99. Therefore, this one has tentatively not been counted. However, the examiner has included the original commitment of 12 years plus three prior parole violator terms in which the subject served more than 30 days. The examiner notes to distinguish between a decision to reinstate an individual to supervision and revoke and reparole. The examiner believes the latter should count as prior commitments as long as the individual serves more than 30 days.

With this modification in mind, the examiner has modified the SFS to 2 and believes that subject should be considered in the poor risk category. As noted above, the examiner is making a finding that, by a preponderance of the evidence, that the subject possessed with intent to distribute less than 5 grams of heroin. The examiner believes that the guidelines are 34-44 months.

The subject has been in continuous custody since his arrest by DC Police on 3/10/2000. Therefore, as of 7/10/2001, he has been in custody 16 months towards the guidelines.

(REV-S)

Given the modification of the SFS to 2, the examiner does not believe the subject is a poor or more serious risk than the SFS indicates. The examiner is recommending a presumptive reparole after the service of 40 months on 7/10/2003. He will need the Drug Aftercare condition.

## VII.  RECOMMENDATION:

Continue to a presumptive parole after the service of 40 months on 7/10/2003 with the Special Drug Aftercare condition.

**VIII.REASONS:**  None.

PAH
July 20, 2001

**EXHIBIT W**

U.S. Department of Justice                     Notice of Action
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

---

Name: MONTGOMERY, Melvin                    Institution:  D.C.-Central Facility
Register Number: 04390-000
DCDC No:  220-831                           Date:       August 21, 2001

---

In the case of the above-named, the following parole action was ordered:

Continue to a presumptive parole (July 10, 2003) after service of 40 months.  This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan.  The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled.  In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date.  If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration.  If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your U.S. Probation Officer in a program (inpatient or outpatient) approved by the U.S. Parole Commission for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs.  You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

**REASONS**:

Your parole violation behavior has been rated as criminal conduct of Category Four severity because it involved Possession with intent to distribute less than 5 grams of Heroin.  Your salient factor score is 2.  See the attached sheet for an explanation of your individual Salient Factor Score items.  The table at the bottom presents the points for Salient Factor Score Item C.  You have been in confinement as a result of your violation behavior for a total of 16 month(s) as of July 10, 2001.  Guidelines established by the Commission indicate a customary range of 34-44 months to be served before release.

After review of all relevant factors and information presented, a departure from the guidelines at this consideration is not warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

cc:    Sharon Barnes-Durbin, SCSA
       CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2149
       Washington, D.C.  20001



---

MONTGOMERY 04390-000                         -1-              Clerk:    MDD

 

## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 2 | **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | **D** - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | **E** - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 0 | **F** - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | **Salient Factor Score (SFS-98)** (sum of points for A-F above) |

| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

**EXHIBIT X**

**U.S. Department of Justice**
**United States Parole Commission**

### CERTIFICATE OF PAROLE

Know All Men By These Presents:

It having been made to appear to the United States Parole Commission that Montgomery, Melvin A., Register No. 04390-000 (DCDC No. 220-831), a prisoner incarcerated in the Hope Village CCC is eligible to be PAROLED, and in that said prisoner substantially observed the rules of the institution, and in the opinion of the Commission said prisoner's release would not depreciate the seriousness of this offense or promote disrespect for the law, and would not jeopardize the public welfare, it is ORDERED by the said United States Parole Commission that said prisoner be PAROLED on July 10, 2003, and that said prisoner is to remain within the limits of District of Maryland until midnight October 13, 2009.

Given under the hands and the seal of the United States Parole Commission on July 9, 2003.

UNITED STATES PAROLE COMMISSION

By: Joann L. Kelley, Case Analyst

Initial Risk Category: SFS 2
Chief U.S. Probation Officer, William F. Henry, District of Maryland

I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof. I fully understand them and know that if I violate any, I may be recommitted. I also understand that the law requires the Parole Commission to revoke my parole if I am found by the Commission to have possessed any illegal controlled substance. I also understand that special conditions may be added or modifications of any condition may be made by the Parole Commission upon notice required by law.

_Melvin Montgomery_ _____  04390-000
                    Name                                    Reg. No.

Witnessed: _Offender Workforce Development Specialist_  7/10/03
                    Name and Title                          Date

The above-named person was released on the 10 day of July, 20 03 with a total of 228 days remaining to be served.

_Joseph Unk____
Official Certifying Release



07/09/03   09:48 FAX 301 492 6694          US PAROLE COMMISSION                    ☐003

This CERTIFICATE will become effective on the day of release indicated above. If the releasee fails to comply with any of the conditions listed on the attached page, the releasee may be summoned to a hearing or retaken on a warrant issued by a Commissioner of the U.S. Parole Commission and reimprisoned pending a hearing to determine if the release should be revoked.

## CONDITIONS OF RELEASE

1. You shall go directly to the district shown on the CERTIFICATE OF RELEASE (unless released to the custody of other authorities). Within three days after your arrival, you shall report to your parole advisor if you have one, and the United States Probation Officer whose name appears on the Certificate. If in any emergency you are unable to get in touch with your parole advisor, or your Probation Officer or the United States Probation Office, you shall communicate with the United States Parole Commission, Department of Justice, Chevy Chase, Maryland 20815.

2. If you are released to the custody of other authorities, and after your release from physical custody of such authorities, you are unable to report to the United States Probation Officer to whom you are assigned within three days, you shall report instead to the nearest United States Probation Office.

3. You shall not leave the limits fixed by the CERTIFICATE OF RELEASE without written permission from your Probation Officer.

4. You shall notify your Probation Officer within [ ] days of any change in your place of residence.

5. You shall make a complete and truthful written report (on a form provided for that purpose) to your Probation Officer between the first and third day of each month, and on the final day of parole. You shall also report to your Probation Officer at other times as your Probation Officer directs, providing complete and truthful information.

6. You shall not violate any law. You shall not associate with persons engaged in criminal activity. You shall get in touch within 2 days with your Probation Officer or the United States Probation Office if you are arrested or questioned by a law-enforcement officer.

7. You shall not enter into any agreement to act as an informer or special agent for any law-enforcement agency.

8. You shall work regularly unless excused by your Probation Officer, and support your legal dependents, if any, to the best of your ability. You shall report within 2 days to your Probation Officer any changes in employment.

9. You shall not drink alcoholic beverages to excess. You shall not purchase, possess, use or administer marijuana or narcotic or other habit forming or dangerous drugs, unless prescribed or advised by a physician. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away.

10. You shall not associate with persons who have a criminal record unless you have permission of your Probation Officer.

11. You shall not possess a firearm, ammunition or other dangerous weapons.

12. You shall permit confiscation by your Probation Officer of any materials which your Probation Officer believes may constitute contraband in your possession and which your Probation Officer observes in plain view in your residence, place of business or occupation, vehicle(s) or on your person.

13. You shall make a diligent effort to satisfy any fine, restitution order, court costs or assessment, and/or court ordered child support or alimony payment that has been or may be imposed, and shall provide such financial information as may be requested by your Probation Officer relevant to the payment of the obligation. If unable to pay the obligation in one sum, you will cooperate with your Probation Officer in establishing an installment payment schedule.

14. You shall submit to a drug test whenever ordered by your Probation Officer.

15. If you have been convicted of any sexual offense under District of Columbia or federal law (including Uniform Code of Military Justice offenses), you must report for registration with your state sex offender registration agency as directed by your U.S. Probation Officer. You are required to report for registration in any state in which you live, work, attend school, or pursue any vocation. You must be registered in compliance with applicable state law that applies to current or prior federal, state or local convictions for sexual offenses, and in compliance with 42 U.S.C. 14072(i) (which makes it a federal crime for any offender covered by 18 U.S.C. 4042 not to register in accordance with state law). If there is any question as to whether or where you are required to register, you must seek and follow the guidance of your U.S. Probation Officer.

16. You will provide a DNA sample if collection of such sample is authorized pursuant to 3 of the DNA Analysis Backlog Elimination Act of 2000.

By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the U.S. Parole Commission and the Probation Office. I further consent to the disclosure by such facility to the U.S. Parole Commission

Queued: 07-09-2003 10:44:54 BOP-Hope Village CCC | USPO-District of Maryland, Greenbelt |

Case 1:06-cv-02133-CKK    Document 10-26    Filed 02/15/2007    Page 4 of 4

and the Probation Office of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of parole supervision, or the occurrence of one of the items specified in 42 C.F.R. 2.35(b), whichever is earlier.

You shall also abide by the below listed special condition(s) as indicated:

**You shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your U.S. Probation Officer in a program (inpatient or outpatient) approved by the U.S. Parole Commission for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.**

Information concerning a releasee under the supervision of the U.S. Parole Commission may be disclosed to a person or persons who may be exposed to harm through contact with that particular releasee if such disclosure is deemed to be reasonably necessary to give notice that such danger exists. Information concerning a releasee may be released to a law enforcement agency as required for the protection of the public or the enforcement of the conditions of the release.



Queued: 07-09-2003 10:44:54 BOP-Hope Village CCC | USPO-District of Maryland, Greenbelt |

# **EXHIBIT Y**



U.S. Department of Justice                                      **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

---

Name:  MONTGOMERY, Melvin                          USPO:  District of Maryland
Register Number:  04390-000
DCDC No:  220-831                                  Date:       November 24, 2003

---

In the case of the above-named, the following parole action was ordered:

You shall participate in the Sanction Center Program, which may include electronic monitoring, for a period not to exceed 180 days.

**REASONS:**

Pursuant to 28 C.F.R. §2.40 – Special Condition added.

The above decision is appealable to the National Appeals Board pursuant to 28 C.F.R. 2.26.

You may obtain appeal forms from your caseworker or U.S. Probation Officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     Raphael Snyder
        U.S. Probation Officer
        District of Maryland
        9200 Edmonston Road
        Suite 200
        Greenbelt, MD  20770

---

Montgomery 04390-000                          -1-                     Clerk:  SRM



**EXHIBIT Z**

3/15/2006 09:22 FAX 301 344 0563        US PROBATION OFFICE                              002

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
# PROBATION & PRETRIAL SERVICES OFFICE

**PROBATION OFFICES**

259 W. PRATT STREET
SUITE 400
BALTIMORE, MD 21201
410-962-4740

9200 EDMONSTON ROAD
SUITE 200
GREENBELT, MD 20770
301-344-0610

**WILLIAM F. HENRY**
**CHIEF**

**PRETRIAL OFFICES**

101 W. LOMBARD STREET
SUITE 1625
BALTIMORE, MD 21201
410-962-4820

6500 CHERRYWOOD LANE
SUITE 100
GREENBELT, MD 20770
301-344-0375

September 15th, 2006

Marc Bransky, Deputy Case Services Administrator
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, MD 20815

RE:        Montgomery, Melvin
           REG#04390-000

           **Superior Court Case**

           ***Expedited Warrant Request***

Dear Mr. Bransky:

The above individual was last re-paroled on 7/10/03, on the charge of Attempted Possession W/I to Distribute Heroin, and has an expiration date of 10/13/09. As part of the offender's parole, he was to comply with the special drug aftercare condition.

On 9/05/06, this officer received notification from USPO Lindsey Epson, 202- 565-1376, that the offender had entered a guilty plea to the charge of Conspiracy to Distribute and Possess with Intent to Distribute 100 Grams or More of Heroin. The offender entered this plea on or about 5/06/05, in the District Court for the District of Columbia. ***The indictment is a sealed indictment, and has never been entered into NCIC. The offender has been cooperating with agents of the DEA in an undercover capacity, without notification and permission, with regards to this officer.*** The offender has a tentative sentencing date of 12/04/06, at 4:15pm.

This officer considers the offender to be a high" flight risk", and a risk to the community at large, as well as himself. This is based on his pending sentencing date, past criminal and substance abuse history, as well as his past non-compliance while on parole.  It is alleged that Mr. Montgomery has violated his parole as follows:

**1. Condition #6. You must not violate any law and must not associate with someone else who is violating any law. You shall get in touch within two days with your probation officer if you are arrested or questioned by a law enforcement officer.**

The offender entered a guilty plea to the charge of Conspiracy to Distribute and Possess with Intent to Distribute 100 Grams or More of Heroin. The offender entered this plea on or about 5/06/05, in the District Court for the District of Columbia. ***The indictment is a sealed indictment, and has never been entered into NCIC. The offender has been cooperating with agents of the DEA in an undercover*** 

Re: Montgomery, Melvin
Page 2
September 13, 2006

*capacity, without notification and permission, with regards to this officer, since on or about 5/06/05.*
The offender has a tentative sentencing date of 12/04/06, at 4:15pm.

**2. Condition #7. You shall not enter into any agreement to act as an informer or special agent for any law enforcement agency.**

The offender has been cooperating with agents of the DEA in an undercover capacity, without notification and permission, with regards to this officer, since on or about 5/06/05.

**3. Condition #5. You shall make a complete and truthful written report to your probation officer between the first and third day of each month, and on the final day of your parole. You shall also report to your probation officer at other times as your probation officer directs, providing complete and truthful information.**

The offender never reported the following arrest on his monthly reports between, 5/05 and 9/06, nor when directly questioned by this officer:

The offender entered a guilty plea to the charge of Conspiracy to Distribute and Possess with Intent to Distribute 100 Grams or More of Heroin. The offender entered this plea on or about 5/06/05, in the District Court for the District of Columbia. *The indictment is a sealed indictment, and has never been entered into NCIC. The offender has been cooperating with agents of the DEA in an undercover capacity, without notification and permission, with regards to this officer, since on or about 5/06/05.*

This officer considers the offender to be a high" flight risk", and a risk to the community at large, as well as himself. This is based on his pending sentencing date, past criminal and substance abuse history, as well as his past non-compliance while on parole. A warrant is being requested charging Melvin Montgomery, with the above noted violations.

*This officer requests that this warrant be expedited due to the fact that this officer believes the offender to be a "flight risk", with his impending sentencing date of 12/04/06. If you have further questions, please contact me at (301) 344-0558.*

Respectfully,

Ray Snyder
Senior United States Probation Officer

# **EXHIBIT AA**

# Memorandum



| Subject | Date |
|---|---|
| **Warrant Execution Instructions Regarding:**<br>**MONTGOMERY, Melvin**<br>**Reg. No. 04390-000**<br>**DCDC No. 220-831** | **September 16, 2006** |

| To | From |
|---|---|
| U.S. Marshal<br>District of Maryland<br>605 U.S. Courthouse<br>101 W. Lombard Street<br>Baltimore, MD 21201 | *Marc Bransky*<br>Marc Bransky<br>Deputy Case Services Administrator<br>U.S. Parole Commission |

Enclosed are the Warrant Application and Warrant issued by the United States Parole Commission for the above-named parolee. Please notify the Parole Commission promptly of all developments concerning the disposition of this warrant.

**Please assume custody as soon as possible or when located.**

**If the parolee is already in the custody of federal or state authorities, do not execute this warrant. Place a detainer and notify the Commission. Also, if a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence.**

**If the prisoner is sentenced to a new Federal or State term of imprisonment, place the warrant as a detainer and indicate the institution designated for service of sentence.**

After execution of the Warrant, (1) give one copy of Warrant Application to the prisoner; (2) provide one copy of the Warrant Application to the Community Supervision Officer as soon as practical after taking custody; and (3) advise the Parole Commission and the Community Supervision Officer that the subject is in custody (noting the place of confinement and the date warrant was executed).

When prisoner is returned to the designated institution, leave one Warrant and one Warrant Application with the Warden.

**PAROLE OFFICER:** Please keep the Commission advised of all further developments in this case. If there has been a conviction of an offense committed while under supervision for which a term of imprisonment is authorized by law (even if no term of imprisonment is imposed in this case), do not conduct a preliminary interview unless the Parole Commission specifically orders that one be conducted.

Enclosure

cc:  Ray Snyder
     Supervision Officer
     District of Maryland
     9200 Edmonston Road, Suite 200
     Greenbelt, MD 20770



OCT 02 2006 09:48 FR U S MARSHALS SERVICE 2023071936 TO 913014925908    P.27/28
USMS BALTIMORE WIS                                                        PAGE 02/05

MCB

**U.S. DEPARTMENT OF JUSTICE**                    **WARRANT APPLICATION**
**UNITED STATES PAROLE COMMISSION**                  **D.C. Code Offender**

Name .............................. MONTGOMERY, Melvin

Reg. No .... ................04390-000            Date ..................................September 16, 2006
DCDC No ................... 220-831               Termination of Supervision......October 13, 2009
FBI No ........................ 183 225 DA4       [If Conviction Offense Before April 11, 1987 And
Birth Date.....................                   Offender Is On Mandatory Release, Termination
Race................................Black         Date Is 180 Days Prior To Full Term]
                                                 Violation Date ........................April 10, 2004
                                                 Released ..................................July 10, 2003

Sentence Length............18 years, 90 days, 3504 days (PV Term)
Original Offense ...........Possession with Intent to Distribute a Controlled Substance, Possession of PCP,
Possession with Intent to Distribute Heroin

You shall, unless you have been convicted of a new offense, be given a preliminary interview by an official
designated by a Parole Commissioner to determine if there is probable cause to believe that you have violated the
conditions of your release, and if so, whether to release you or hold you for a revocation hearing

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and
voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of
those who have given information upon which the charges are based. Such witnesses will be made available for
questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for
counsel, an attorney will be provided by the U.S. District Court if you will fill out and promptly return a Form CJA-
22 to a U.S. Probation Officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1)
restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c)
refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole
or mandatory release, in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward
service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**
**Charge No. 1 - Law Violation.** a) Conspiracy to Distribute and Possession with Intent Distribute 100
grams or more of Heroin. Between 4-10-04 and 11-24-04, the releasee conspired to distribute 100 grams
or more of heroin. The releasee was arrested by the law enforcement officials for the above-cited offense.
On or about 5-6-05, the releasee pled guilty to the above-cited offense. Sentencing is pending. This charge
is based on the information contained in the violation report dated 9-13-06 from supervising officer Ray
Snyder, and a Factual Proffer in Support of Guilty Plea.    Status of Custody/Criminal Proceedings:
Releasee remains on personal recognizance with a tentative sentencing date of 12-4-06.
I ADMIT [   ] or DENY [   ] this charge.

**Charge No. 2 - Acting as an Informer or Agent for a Law Enforcement Agency.** The releasee,
without permission from the United States Parole Commission, has been working with DEA as an

---

**MONTGOMERY, Melvin**            MCB.
**Reg. No. 04390-000    DCDC No. 220-831**

informant in violation of his conditions of release. This charge is based on the information contained
violation report dated 9-13-06 from supervising officer Ray Snyder.
**I ADMIT [   ] or DENY [   ] this charge.**

**Preliminary Interview Is Not Required**                    **Warrant Recommended By:**

Warrant Issued................... **September 16, 2006**      **Marc Bransky, Deputy Case Services Administr.**
                                                             **U.S. Parole Commission**

U.S. Probation Office Requesting Warrant:  **District of Maryland, Greenbelt**

---

**MONTGOMERY, Melvin**
**Reg. No. 04390-000    DCDC No. 220-831**

# W A R R A N T
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, MONTGOMERY, Melvin, Reg. No. 04390-000, DCDC No. 220-831, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 18 years, 90 days, 3504 days (PV Term) for the crime of Possession with Intent to Distribute a Controlled Substance, Possession of PCP, Possession with Intent to Distribute Heroin and was on July 10, 2003 released on parole from D.C. CCM with 2287 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on September 16, 2006

_____ 9/20/06
U.S. Parole Commissioner

---

**MONTGOMERY, Melvin**
**Reg. No. 04390-000     DCDC No. 220-831**

WARRANT For Return Of Prisoner Released To Supervision

Name:  MONTGOMERY, Melvin                          Institution:  D.C. CCM
Reg. No. 04390-000                                 DCDC No.  220-831

## UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE:  Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

_____ District of _Columbia_____ ss:

Received this writ the _16_ day of _September_, 20_06_, and executed same by arresting the

within-named _____

this _29th_ day of _September_____, 20_06_,

at _1100 (hrs)_ and committing him to _DC Jail_

                                        _Gorge Welsh_
                                        U.S. Marshal

                                        _[signature]_
                                        Deputy Marshal

Further executed same by committing him to _____

at _____ on _____, 20_____, the institution

designated by the Attorney General, with the copy of the warrant and warrant application.

                                        _____
                                        U.S. Marshal

                                        _____
                                        Deputy Marshal

NOTE:  The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

## ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated _____          _16 September 06_
                                                                          _29 September 06_
_X Melvin Montgomery_
       Prisoner's Signature                                               Date

*(If prisoner refuses to sign, Marshal should so indicate.)*

_____

MONTGOMERY, Melvin
Reg. No. 04390-000   DCDC No. 220-831

**EXHIBIT BB**

# HEARING SUMMARY

**Name:** **Montgomery, Melvin**                                        **Reg No:** **04390-000**

## Hearing Parameters

Hearing Format ............................: **In Person**

Hearing Type ................................: **Revocation (Institutional)**

Hearing Date ................................: December 19, 2006

Examiner......................................: Paul R. A. Howard

Institution ....................................: D.C. Correctional Treatment Facility

Second Designation ....................: Unknown

## Sentence Parameters

Sentence Type...............................: **DC Parole Eligible**

MR/Statutory Release Date..........: 5/11/2011

Full Term Date..............................: 1/1/2013

Months in Custody........................: 3 as of 12/28/2006

Detainer.........................................: 5 year consecutive term for Possession with Intent to Distribute Heroin/US District Court, District of Columbia

## Warrant Parameters

Supervision ..................................: **Parole**

Revoking District & Office..........: US Probation Office, District of Maryland - Greenbelt

Warrant Execution Date...............: 9/29/2006

Probable Cause Date....................: 10/19/2006

**Additional text regarding the above parameters:** None

---

**Prior Action:** See Prehearing Assessment dated November 30, 2006.

**Counsel:** Shirliemarie McAroy-Gray, DC Public Defender Services

**Witnesses:** None.

**Procedural Considerations:** None.

**Charges:**


**Charge No. 1 - Law Violation - Conspiracy to Distribute and Possession with Intent to Distribute 100 Grams or More of Heroin.**

    **Evidence Presented:**  The subject admitted the above charge.  He was sentenced on 12/4/2006 in the US District Court for the District of Columbia to 5 years confinement followed by 4 years supervised release.

    **Findings of Fact:**  This examiner finds that the subject violated the conditions of release as indicated in the above charge.

    **Basis:**  Your admission and conviction in the US District Court, DC.

**Charge No. 2 – Acting as Informant Agent for a Law Enforcement Agency.**

    **Evidence Presented:**  The subject admitted the above charge.

Counsel stated that she is very troubled because more often the subject is aware that they cannot cooperate for the purposes of self-help without permission from the US Parole Commission. An informant had informed on the subject and he was arrested but not charged. He was told to cooperate to help him minimize the charges. When it was offered he was not aware it was not permissible. His participation was not only to help himself but to minimize his actions and the consequences it has on society as a whole. Counsel believes the Commission should look at the circumstances that caused the subject to believe he was not in violation of his release condition. Counsel believes that law enforcement usually tells individuals that they can cooperate to help themselves. Therefore, in the technical sense, he did violate the condition but in the real sense, the subject believed that law enforcement had the right to request his help. In summary, the subject was in a "Catch 22" because if he did not cooperate at the time he would now be facing a very lengthy sentence.

Counsel further stated that regarding the subject is truly sorry for what he has done. The Parole Commission should know that the subject was gainfully employed with the Department of Interior and was married with a child. He had a stable residence but it was his long standing drug problem that put him in this situation. In fact, the subject was only making drops. His life is now in danger because of his cooperation with the government, his wife is reviewing the status of their marriage, and his daughter is now deprived of her father.

The subject commented that he had stopped using drugs at the time and was in a program.

    **Findings of Fact:**  This examiner finds that the subject violated the conditions of release as indicated in the above charge.

    **Basis:**  Your admission and the documentary evidence.

**Discipline:** None.

**Release Plans:**  When released, the subject will reside with his wife ███████████████ at ██████ ████████████, Mt. Rainer, MD 20712.

**<u>Guideline Parameters</u>**

**Severity Justification:**   Category Five because it involved Possession with Intent to Distribute 100 Grams or More of Heroin, purity unknown.

**Salient Factor Score:**     2

**Re-parole Guideline Range:**............. 60-72

**Evaluation:**    The subject has been in custody since 9/29/2006 for a new law violation and administrative charge. The subject was convicted in the US District Court for Conspiracy to Distribute and Possession with Intent to Distribute 100 Grams or more of Heroin and was sentenced on 12/4/2006 to 5 year confinement with 4 years supervised release. The subject admitted both of the violation charges. Counsel noted that the subject was under extreme pressure when he was confronted by the Drug Enforcement Administration to cooperate based on the fact that he would have received a much lengthier sentence. Counsel also indicated that his subject's involvement was due to his long standing substance abuse.

The subject is viewed as a poorer risk because of his criminal history and substance abuse. The subject has five prior convictions all of which are for drug offenses. Three of those offenses are for Possession with Intent to Distribute Heroin including the current violation behavior. A decision above the top of the guidelines is not recommended because a service of 72 months is sufficient in addressing the violation behavior and the fact that he will be forfeiting over 3 years of street time. It was recommended that the subject participate in the Bureau of Prisons 500-Hour Drug Treatment Program.

The subject's new law sentence will be consecutive to the parole revocation term and he will receive guideline credit. Based on a 60 month non parolable term, the subject will serve approximately 51 months. Therefore release after the service of 21 months to the consecutive term is recommended along with the Drug/Alcohol Special Condition.

**Recommendation:**    Revoke parole.  None of the time spent on parole shall be credited.  Continue to a presumptive parole on 6/28/2008, after the service of 21 months to the consecutive 60 month sentence imposed in Docket No. 05-CR-000147.

**Conditions:**  Drug/Alcohol Aftercare.

**Statutory Interim Hearing:**  None.

**Guideline Use:**  A departure from the guidelines at this consideration is not warranted.

**Additional Text:**  None.

**I certify that I have reviewed this hearing summary.**

*Paul R. A. Howard*

Paul R. Howard, Hearing Examiner

PRH/PAH
January 11, 2007

**Executive Reviewer's Comments:**

**Montgomery, Melvin, Reg. No. 04390-000**          **Page 3 of 4**

Montgomery, Melvin, Reg. No. 04390-000                    Page 4 of 4

**EXHIBIT CC**

U.S. Department of Justice                          **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: MONTGOMERY, Melvin                    Institution: D.C. – C.T.F.
Register Number: 04390-000
DCDC No: 220-831                             Date:    January 24, 2007

---

As a result of the hearing conducted on December 19, 2006, the following action was ordered:

Revoke parole. None of the time spent on parole shall be credited. Continue to a presumptive re-parole June 28, 2008 after service of 21 months to the consecutive 60 months sentence imposed in Docket # 05-CR-000147. This will require total service of approximately 72 months.

This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

## FINDINGS OF FACT:

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

Charge No. 1 - Law Violation: Conspiracy to Distribute and Possession With Intent to Distribute 100 Grams or More of Heroin.

Basis: Your admission to the examiner and conviction.

Charge No. 2 - Acting as an Informer or Agent for a Law Enforcement Agency.

Basis: Your admission to the examiner and the documentary evidence.

## REASONS:

Your parole violation behavior has been rated as criminal conduct of Category Five severity because it involved Possession With Intent to Distribute 100 Grams or more of Heroin and administrative violations.

---

Queued: 01-24-2007 10:18:35 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USPO-District of Maryland, Greenbelt | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |



Your salient factor score is 2. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. As of 12-28-2006, you have been in confinement as a result of your violation behavior for a total of 3 month(s). Guidelines established by the Commission indicate a customary range of 60-72 months to be served before release. After review of all relevant factors and information, a departure from the guidelines at this consideration is not warranted.


THE ABOVE DECISION IS APPEALABLE.

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    D.C. Federal Billing Unit
       D.C. Department of Corrections
       Washington, D.C. 20003

       U.S. Marshals Service
       District of Columbia - District Court
       333 Constitution Ave, N.W., Room 1400
       Washington, D.C. 20001
       Warrants - Attn: David Baldwin

       U.S. Probation Office
       District of Maryland
       9200 Edmonston Road, Suite 200
       Greenbelt, MD 20770

       Shirliemarie McAroy-Gray
       Public Defender Service
       District of Columbia
       Special Proceedings Division
       633 Indiana Avenue, N.W.
       Washington, D.C. 20004

## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 1 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment free period (three years)<br>No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation/parole/confinement/escape status violator this time<br>Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | F - Older offenders<br>If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | Salient Factor Score (SFS-98) (sum of points for A-F above) |



| Points for SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-1 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |