UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MELVIN MONTGOMERY, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-2113 (CKK) |
| U.S. PAROLE COMMISSION, et al., | ) ) ) | |
| Respondents. | ) ) ) | |

MEMORANDUM OPINION

Petitioner was convicted under the District of Columbia Code and is serving a parole violator term. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the actions of the United States Parole Commission ("Parole Commission"). Because the record demonstrates that the Parole Commission correctly applied the law and did not violate petitioner's constitutional rights, the petition for a writ of habeas corpus will be denied.

BACKGROUND

On December 23, 1986, in the Superior Court of the District of Columbia, Petitioner was sentenced to an imprisonment term of four to twelve years for possession with intent to distribute a controlled substance. Parole Commission's Opp'n Ex. B. Petitioner was sentenced to 90 days imprisonment for possession of PCP on January 12, 1987. *Id.* The District of Columbia Board of Parole ("D.C. Board") released Petitioner on parole from these sentences on November 5, 1990. *Id.* Ex. C. The D.C. Board ordered Petitioner to remain under parole supervision until October 6, 1998. *Id.*

Petitioner's parole was revoked by the D.C. Board on December 2, 1992. *Id.* Ex. D. The D.C. Board re-paroled Petitioner on January 15, 1993. *Id.* Ex. E. Petitioner's parole was revoked again on August 26, 1993, and he was ordered by the D.C. Board to be reparoled to work release after January 14, 1994. *Id.* Ex. F. Petitioner was released on parole by the D.C. Board on January 26, 1994, and ordered to remain under supervision until November 7, 1998. *Id.* Ex. G.

On November 4, 1994, Petitioner's parole officer informed the D.C. Board that Petitioner had pled guilty to new criminal conduct – the possession with intent to distribute heroin – and had violated a number of his parole conditions. *Id.* Ex. H. After receiving the parole officer's report, the D.C. Board issued a parole violator warrant for petitioner. *Id.* Ex. I. On January 19, 1995, in the Superior Court, Petitioner was sentenced to two to six years for the drug charges that were the basis of the D.C. Board's arrest warrant. *Id.* Ex. J. After executing its parole violator warrant, the D.C. Board revoked Petitioner's parole on November 7, 1997. *Id.* Ex. O.

Petitioner was re-paroled on May 5, 1998. *Id.* Ex. P. The D.C. Board revoked Petitioner's parole for non-criminal violations on November 3, 1999, but immediately granted him re-parole. *Id.* Ex. S. Petitioner's parole was revoked again on July 13, 2000, and the D.C. Board ordered that he be considered for re-parole by June 21, 2001. *Id.* Ex. U.

As part of the National Capital Revitalization and Self-Government Improvement Act of 1997, parole authority over D.C. Code offenders was transferred from the D.C. Board to the Parole Commission in August, 2000. *See* D.C. Code § 24-131; *see also Franklin v. Dist. of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998). Pursuant to that statute, the Parole Commission conducted a reassessment of the D.C. Board's most recent decision in Petitioner's case. *Id.* Ex. V. On August 21, 2001, the Parole Commission continued Petitioner's case to a presumptive re-

2

parole date of July 13, 2003, after the service of 40 months in custody. *Id.* Ex. W. The Parole Commission granted re-parole to Petitioner on July 13, 2003 and ordered that he remain under supervision until October 13, 2009. *Id.* Ex. X.

On May 6, 2005, in the United States District Court for the District of Columbia, Petitioner pleaded guilty to conspiracy to distribute and possession with the intent to distribute 100 grams or more of heroin. *Id.* Ex. Z. On December 4, 2006, the district court sentenced Petitioner to 60 months imprisonment and four years of supervised release. *Id.* Ex. A. Based on Petitioner's conviction, Parole Commission revoked his parole on January 24, 2007. *Id.* Ex. CC. The Parole Commission ordered that none of Petitioner's "street time" be credited and continued him to a presumptive re-parole date of July 28, 2008, after the service of 21 months in custody. *Id.* The parole violator term was ordered by the Parole Commission to be served consecutively to the 60-month sentence imposed by the district court. *Id.*

## DISCUSSION

Petitioner claims he should be granted habeas relief because (1) the Parole Commission is not an Article III court yet exercises judicial power, in violation of the separation of powers doctrine; (2) the Parole Commission lacks jurisdiction over D.C. Code offenders because the Parole Commission was abolished by the provisions of the Sentencing Reform Act of 1984; and (3) forfeiture of his street time violated the Ex Post Facto Clause.

I. The Constitutionality of the Parole Commission

The Parole Commission has no authority to impose a prison sentence upon conviction of a crime; this authority rests with the Superior Court of the District of Columbia. *See* D.C. Code § 11-923(b)(2006)(granting jurisdiction to Superior Court over any criminal case under District of Columbia law). Rather, the Parole Commission has full authority to grant, deny, or revoke a

District of Columbia offender's parole, and to impose or modify conditions upon an order of parole. *See* D.C. Code § 24-131(a)(2006). If a parolee allegedly has violated conditions of his release, the Parole Commission is authorized to "[i]ssue a warrant for the apprehension and return of the offender to custody." 28 C.F.R. § 2.98(a)(2)(2006). Among the available sanctions for a parolee's violation of conditions of his release is his return to custody. *See* 28 C.F.R. § 2.20. The Parole Commission does not exercise a judicial function and its decisions do not violate the separation of powers. *Geraghty v. U.S. Parole Comm'n*, 719 F.2d 1199, 1211-12 (3rd Cir. 1983); *Artez v. Mulcrone*, 673 F.2d 1169, 1170 (10th Cir. 1982); *Page v. U.S. Parole Comm'n*, 651 F.2d 1083, 1085 (5th Cir. 1981); *Morrison v. U.S. Parole Comm'n*, No. 04-2192, 2006 WL 1102805, at *2 (D.D.C. Apr. 26, 2006).

Petitioner's claim that the Parole Commission has been abolished is also without merit. On September 29, 2005, Congress extended the existence of the Parole Commission through October 31, 2008. *See* Pub. Law No. 109-76, 119 Stat 2035; *see also Taylor v. Norton*, 05-1634, 2006 WL 1071517, at *1 (D.D.C. Apr. 21, 2006); *Feist v. Schultz*, No. 03-6868, 2006 WL 657003, at *3 (E.D. Cal. Mar. 13, 2006); *Miller v. Veltri*, No. 04-175, 2005 WL 2083025, at *2 (S.D. Ill. Aug. 16, 2005).

II.  Forfeiture of Time Spent on Parole

The *Ex Post Facto* Clause prohibits retroactive application of a law which increases the punishment for a crime that an individual has already committed. *Collins v. Youngblood*, 497 U.S. 37, 42 (1990). A statute retroactively increasing the penalties upon parole revocation also would be unconstitutional. *Johnson v. United States*, 529 U.S. 694, 701 (2000). The same principle applies to an administrative regulation promulgated pursuant to statutory authority. The "controlling inquiry" is whether retroactive application of the change in a parole regulation

4

creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Garner v. Jones*, 529 U.S. 244, 250 (2000).

Petitioner contends that the forfeiture of his street time by the Parole Commission violated the *Ex Post Facto* Clause of the Constitution and extended his sentence beyond the maximum under the law. Petitioner's claim arises from decisions of the District of Columbia Court of Appeals resolving an apparent conflict between two District of Columbia statutes and the interpretation of those statutes by the District of Columbia Department of Corrections. The two statutes at issue posed an apparent conflict on the issue of street time forfeiture following a parole revocation. One statute, enacted in 1932, provided that "[i]f the order of parole shall be revoked ... [t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." D.C. Code § 24-206(a). In 1987, the District of Columbia enacted a statute that appeared to grant street time credit to parole offenders: "Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed." D.C. Code § 24-431(a).

After being advised by Corporation Counsel that the latter statute repealed the former, the D.C. Department of Corrections promulgated a regulation providing that parole revocation would not result in the loss of street time toward service of the sentence for which parole has been granted. *See Davis v. Moore*, 772 A.2d 204, 209 (D.C. 2001). That regulation was invalidated by the decision in *United States Parole Comm'n v. Noble*, 693 A.2d 1084 (D.C. 1997). In that case, the District of Columbia Court of Appeals held that the law enacted in 1932 providing for loss of street time upon parole revocation was not repealed by the statute enacted in 1987. *Id.* at 1095. As a result, because the agency had erroneously granted street time credit, the Department

5

of Corrections was required to change its method of computing a person's sentence. *Davis*, 772 A.2d at 208. The District of Columbia Court of Appeals ruled, in a subsequent decision, that *Noble* was retroactive and therefore applied to persons who committed their offenses before the issuance of the *Noble* decision. *See id.* at 215.

Petitioner's street time was forfeited because of a judicial decision invalidating a policy of the D.C. Department of Corrections. A judicial construction of a statute is "an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 311-12 (1994). However, an unforeseeable interpretation of a statute, if applied retroactively, that increases punishment violates due process. *Bouie v. City of Columbia*, 378 U.S. 347, 353-54 (1964). A judicial construction of a statute is not foreseeable if it is "unexpected and indefensible by reference to the law which had been expressed prior to the conduct at issue." *Id.* at 354.

The decision of the D.C. Court of Appeals in *Noble* was not so unforeseeable as to amount to a due process violation. First, the D.C. statute that required the forfeiture of street time had never been repealed. *See Davis*, 772 A.2d at 216. Moreover, petitioner was on notice that at the time the Department of Corrections implemented its policy that the United States Parole Commission took a contrary view of D.C. law and continued to forfeit street time upon revocation of parole. *Id.* at 209; *see also Johnson v. Kindt*, 158 F.3d 1060, 1063 (10th Cir. 1998) (interpreting *Noble*). And at the time petitioner violated his parole, the only judicial decision that had addressed the issue found that the D.C. statute providing for the forfeiture of street time had not been repealed by the subsequent D.C. statute and the Department of Corrections policy. *See Tyler v. United States,* 929 F.2d 451, 457 (9th Cir. 1991). For these reasons, the invalidation of the D.C. Department of Corrections' statutory interpretation did not

violate the *Ex Post Facto* Clause. *See Davis,* 772 A.2d at 215-16; *accord McQueen v. United States Parole Comm'n*, No. 04-2266, 2005 WL 913151, at *2 (D.D.C, Apr. 19, 2005); *Simmons v. United States Parole Comm'n*, No. 04-2284, 2005 WL 758268, at *1-2 (D.D.C. Apr. 1, 2005).

## CONCLUSION

The Parole Commission did not violate petitioner's constitutional rights when it revoked his parole, and it has not miscalculated petitioner's sentence. Therefore, the petition for a writ of habeas corpus will be denied. A separate order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: April 26, 2007